## HENSON v. LEHIGH VALLEY R. CO.

(Supreme Court, Appellate Division, Fourth Department. November 13, 1907.)

1. MASTER AND SERVANT—DEATH OF SERVANT—CONTRIBUTORY NEGLIGENCE—
QUESTION FOR JURY.

In an action for intestate's death, in the course of his duty as a brakeman, evidence *held* to require submission of intestate's freedom from negligence to the jury.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 1089–1132.]

2. SAME—CONCURRING CAUSES.

Where intestate, a railroad brakeman, was killed by the derailment of a car on which he was riding, and there were two or more possible causes, for one or more of which defendant was not responsible, the brakeman's administrator, in order to recover, was required to show that the injury was wholly or partly the result of the cause for which defendant was liable.

3. SAME—INFERENCES OF FACT.

Where a railroad brakeman was killed by the derailment of a car, his administrator, to establish negligence of the railroad company, was entitled to urge every inference which a jury might legitimately draw from the facts proved.

4. SAME—PRESUMPTIONS.

Where a railroad brakeman was killed by the derailment of a car in the middle of a freight train while slowly passing over a curve, which was of reasonably safe construction and maintenance, it might reasonably be presumed that the curve was not the sole cause of the derailment.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 879, 897.]

5. SAME—EVIDENCE OF NEGLIGENCE—PRESUMPTION OF DUE CARE.

Where a railroad brakeman was killed by the derailment of a car, alleged to have resulted from the absence of a column bolt, but the only evidence that the missing bolt could have caused the accident was that it was missing from the arch bars when the wreck was cleared, and was not found in the wreckage, and that the bars were bent, but there was no evidence that the bolt was missing or defective prior to or at the time of the accident, the proof was insufficient to show negligence, in view of the presumption that the railroad company had exercised due care in providing safe appliances, etc.

6. SAME—QUESTION FOR JURY.

In an action for death of a railroad brakeman by the derailment of a freight car, evidence *held* to require submission to the jury of the question whether the accident was caused by the breaking of a defective bolster, which had been weakened by the absence of burrs from the ends of the truss rods which supported it.

McLennan, P. J., and Williams, J., dissenting.

Appeal from Trial Term, Ontario County.

Action by Eva Henson, as administratrix, etc., of William S. Henson, deceased, against the Lehigh Valley Railroad Company. From a judgment dismissing plaintiff's complaint at the close of plaintiff's case, and from an order denying plaintiff's motion for a new trial, she appeals. Reversed, and new trial granted.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

W. Smith O'Brien, for appellant.
Lyman M. Bass, for respondent.

ROBSON, J.   At the close of plaintiff's evidence the court granted defendant's motion for a nonsuit, saying that:

"The causes of the accident are purely speculative, and I cannot see where there is any evidence here by which we can rightfully infer, where an inference can rightfully be drawn, either that the decedent had been free from contributory negligence, or that the defendant had been negligent in any duty that it owed to its employé; and for these reasons I deem it my duty to grant this motion for a nonsuit."

On this appeal counsel for respondent does not suggest that plaintiff's evidence was not sufficient to require the submission to the jury, as a question of fact for their determination, whether or not plaintiff's intestate was free from negligence on his part which contributed to the accident which caused his death; and we think that the facts and circumstances attending the accident, as disclosed by her evidence, clearly entitled her to the submission of that question for the jury's determination, if that were the sole question in the case to be resolved, and that the court was not justified in deciding as matter of law that freedom from contributory negligence had not been shown.

The second reason given by the learned court for granting the nonsuit, that it had not been shown that defendant's negligence caused the accident, presents a more serious question for our determination; and a brief recital of the facts which the evidence discloses will aid in arriving at an understanding of the point now presented for consideration.   Plaintiff's intestate, at the time of the accident, which occurred December 23, 1905, was employed by defendant as a brakeman, and was one of the crew in charge of one of defendant's trains running on a branch of defendant's railway from Naples to Geneva. He appears to have been competent in the discharge of and familiar with the duties of his position.   This train, besides the locomotive, consisted of ten freight cars and one combination passenger and baggage coach.   It reached the Pre-emption street crossing, which is a short distance from the terminal of the branch at Geneva, about 6 o'clock in the evening.   At this point it stopped to permit passengers to alight.   The evening was dark and cold, and signals for the operation of the train were necessarily given by the use of lanterns.   Decedent is variously referred to as the middle or rear brakeman, and at this time he was standing on the top of a freight car, three or four cars ahead of the rear coach, which was then his proper position. The head brakeman also stood on the top of a car nearer the engine, separated from decedent by a number of intervening cars.   After the passengers had alighted the conductor gave with his lantern the signal to go ahead.   Decedent passed the signal to the head brakeman, and he in turn repeated it to the engineer.   The train had proceeded but a few hundred feet when the head brakeman observed a stop signal given by decedent.   This he at once repeated to the engineer, and on looking again towards the place where he had last seen the light of decedent's lantern it had disappeared.   The train was moving slowly, and that part of it on which the head brakeman was stop-

ped after moving about its length from the time the stop signal was given. Immediately after the train came to a standstill, the train crew came from either end towards the middle of the train, and found the body of the car, upon which decedent, presumably at least, had been riding, separated from its trucks, and lying on its side across the track, with its top towards the head of the train. Decedent's dead body was underneath the car, only his head and a part of his shoulders showing inside the rails and beyond the top of the car. From the evidence as to indentations on the rail and ties the jury might have determined that the trucks of the car first left the rails at a point 190 feet distant from the place where the body lay. The derailed car had separated from the cars ahead, and the forward trucks of the next car in its rear were also off the rails. The point at which the first indentation made by the wheels of the derailed car appeared was near the end of a six-degree curve in the track, around which the train passed on leaving the Pre-emption street crossing.

It is claimed by plaintiff that the jury would have been justified in determining from these facts that, as the train moved around the curve, the forward trucks of the derailed car ran off the rails, and then, after running a distance of 190 feet, was detached from the car ahead and the body of the car tipped over, throwing decedent forward on the track below, as it went over, and, falling upon him, crushed him underneath. Plaintiff further claims that the evidence establishes that the accident was solely due to the negligence of defendant, and specifies three separate grounds upon which this claim is based: First, that there were defects in defendant's track at the point where the accident occurred, of which defendant is chargeable with notice, and that the derailment of the car occurred by reason of those defects; second, that one of the column bolts, the office of which appears to be to hold together what are known as the "arch bars," forming part of each truck of the car, and preventing them from bending under the weight of the body of the car, was missing; third, that the bolster on one of the trucks, the office of which is to sustain the weight of one end of the body of the car, broke because of its weak and defective condition.

Without referring in detail to the testimony by which it was sought to establish the defective condition of the tracks, we think it sufficient to say that an examination of all the testimony bearing upon that point satisfies us that it is not sufficient to justify a finding that such defects as were disclosed by the evidence made the track unsafe, nor that any defective condition of the track was the cause of the accident. We may therefore dismiss this specification of defendant's negligence from further consideration. It seems that the effect following the breaking, or removal, of a column bolt, and that of breaking down a bolster, are quite similar. Either difficulty would make the wheels crowd the rails on the outer, or high, side of a curve, and tend to prevent the car from turning in following the line of the curve; the result being that the wheels might be pressed with such force against the rails that they would ride it and go off the track. It follows that either difficulty might be sufficient to cause an accident precisely like the one in question.

Defendants, on the other hand, while apparently not controverting plaintiff's claim that either fact, if proved to exist, might have been efficient to cause the accident, insist that neither condition has been shown to have existed prior to the accident, and that the actual occasion thereof is at most, under the proof, a mere matter of speculation. We recognize the well-established principle which defendant urges, and which must necessarily be applied in testing the probative value of plaintiff's evidence as establishing defendant's negligence in cases of the class which includes the action here involved, which has been in substance so many times repeated in authoritative utterances of the courts that, as has been said, "the rule is so general, and has been so often stated, that it is a mere matter of preferring some form of expression." Owen v. Retsof Mining Co., 102 App. Div. 130–135, 92 N. Y. Supp. 270, 273. It is thus stated in Grant v. Pa. & N. Y. Canal & R. R. Co., 133 N. Y. 657, 31 N. E. 220:

"Where there are two or more possible causes of an injury, for one or more of which the defendant is not responsible, the plaintiff, in order to recover, must show by evidence that the injury was wholly or partly the result of that cause which would render the defendant liable. If the evidence in the case leaves it just as probable that the injury was the result of one cause as of the other, the plaintiff cannot recover."

It is but an amplification of this rule to say that the plaintiff, in her attempt to fasten the charge of negligence upon the defendant, is entitled to urge every inference which a jury might legitimately draw from the facts which the evidence discloses. That a car in the middle of a freight train passing slowly over a curved track, which is of reasonably safe construction and maintenance, does not leave the track except for some cause other than the curve in the track itself, is an inference which, it seems, might be legitimately indulged. There being no evidence from which even an inference could be drawn that the derailment was caused by an obstruction on the track, it might then be inferred that its occasion was to be sought in some condition of or accident to the car itself. Plaintiff points to the missing column bolt and bent arch bars and the broken bolster, either of which, it is claimed, would sufficiently account for the accident. The only evidence that the absence of the column bolt could, in this case, have occasioned the accident, is primarily based upon the fact that it was missing from the arch bars when the wreck was cleared, and was not found in the wreckage of the car, and that the bars were bent. Nowhere in the case does it appear that this bolt was missing, or in any way defective, prior to or at the time of the accident; and, indulging in favor of defendant the presumption, to which it calls attention, that it, as master, had exercised due care in providing safe appliances and a safe place to work for its servants, we are not permitted to consider the possibility that the derailment was caused by reason of the absence of, or defect in, the column bolt, simply because it was missing from its proper place after the wreck and was not found at the place of the accident.

The third specification of negligence is, as has been said, that the accident was caused by the breaking of a defective bolster, the alleged defect in which it is claimed had existed for so long a time that reasonable care in inspection would have disclosed it, and reasonable

promptness in repair would have remedied it. The strength and consequent efficiency of this bolster were largely dependent, as the evidence shows, upon two truss rods extending laterally from either end of the bolster down to its center, where they passed under an iron plate on the under side of the bolster. The ends of these rods passed through an iron plate at either end of the bolster, and were there secured by nuts intended to be screwed down on the threaded ends of the rods tightly to the outside face of the plate. The efficiency of these rods depended entirely upon their being securely held by the burrs at each end in firm contact with the lower side of the plate at the center of the bolster. Plaintiff gave evidence in reference to the condition of a bolster in defendant's yards at Sayre after the accident, which from the evidence the jury might properly have found was sufficiently identified as one of the bolsters which was part of the derailed car. The examination, as testified to by these witnesses, disclosed that the bolster was broken near the center. As one witness describes it, it was crushed both perpendicularly and laterally. One truss rod was rusted at the end from four to six inches, and the burr was missing from that end. There was also given evidence as to the condition and appearance of the end of this rod, which should have held the nut, from which the jury would have been warranted in finding that it had been missing for a considerable time prior to the accident, and that its absence could have been discovered by competent inspection. The effect of this truss rod being loose, due to the missing nut, was that, instead of having the additional support of the two rods, the bolster represented in carrying power only the strength of the wood itself, thereby being weakened to such an extent that it was liable to break under the loaded body of the car. The result to be anticipated following the breaking of the bolster has already been referred to. That it would have been adequate to cause the accident is unquestioned.

We conclude, therefore, that plaintiff presented sufficient evidence to have properly required the submission to the jury under proper instructions the question whether the accident was due to the negligence of defendant in those particulars which we have already pointed out. The judgment and order should be reversed, and new trial granted, with costs to appellant to abide event.

Judgment and order reversed, and new trial granted, with costs to appellant to abide event. All concur, except McLENNAN, P. J., and WILLIAMS, J., who dissent.