It follows from the foregoing that the judgment and order appealed from should be affirmed.

All concurred.

Judgment of conviction and order affirmed.

---

FLORENCE J. SCHAEFER, Respondent, *v.* PETER G. HOUCK, Appellant.

Fourth Department, May 1, 1918.

Landlord and tenant — negligence — Tenement House Law construed — failure of landlord to provide railing for outside staircase — practice — effect of failure to renew motion for nonsuit — failure to take exception to charge.

Section 35 of the Tenement House Law, providing that all stairways in tenement houses shall be provided with proper banisters and railings and kept in good repair, applies to a stairway outside such buildings and leading to the basement, for the word " in " as used in said statute should be construed to mean " in or about."

Hence, where an inmate of such tenement fell from the lower steps of such outside stairway, which were not guarded with a rail or banister as

required by the statute, and there is evidence justifying a finding that the plaintiff used due care, it was proper to submit the negligence of the defendant to the jury.

The failure of a defendant to renew a motion for a nonsuit at the close of all the evidence is an admission that there is a question of fact for the jury.

Where the defendant took no exception to a charge that the steps constituted a stairway within the Tenement House Law, the issue cannot be raised for the first time upon appeal.

It was proper for the court to charge that if the jury found that ice upon the steps was the sole cause of the plaintiff's injury she could not recover.

APPEAL by the defendant, Peter G. Houck, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Monroe on the 27th day of June, 1917, upon the verdict of a jury for $425, and also from an order entered in said clerk's office on the same day denying defendant's motion for a new trial made upon the minutes.

*Arthur V. D. Chamberlain,* for the appellant.

*James L. Brewer,* for the respondent.

DE ANGELIS, J.:

The action was for personal injuries alleged to have been due to the negligence of the defendant. The defense was a general denial and charged the plaintiff with contributory negligence.

About three o'clock in the afternoon of Sunday, November 26, 1916, the plaintiff fell from the lowest step of an outside stairway of the defendant's apartment house in the city of Rochester, upon a cement walk and suffered certain injuries for which the jury have awarded her a verdict for $425. There were three stories in the apartment house. The plaintiff occupied an apartment in the second story. She had a locker in the basement and her access thereto was from the rear door of the building on the first floor by way of this stairway, the cement walk and the basement stairway. The stairway from which she fell ran lengthwise with the building and the basement stairway was underneath it. Between the landing of the stairway and the cement walk upon which the plaintiff fell there were four corrugated iron steps and it was the lowest one of these from which she fell. The steps were icy and the

jury were justified in finding that the plaintiff was exercising reasonable care for her safety at the time of her fall. The various tenants had lockers in the basement and the only access to those lockers was over the stairway in question. There was no railing or banister for the use and protection of the tenants on this stairway. The inside of the stairway is about two feet from the wall of the building. The two pictures introduced in the evidence by the defendant show the situation quite clearly.

The learned trial court submitted the case to the jury upon the theory that they might find that the defendant was negligent in failing to construct and maintain a railing or banister on this stairway as required by section 35 of the Tenement House Law (Consol. Laws, chap. 61; Laws of 1909, chap. 99). That portion of the section applicable here is this: "In every tenement house all stairways shall be provided with proper banisters and railings and kept in good repair." There seems to have been no claim made by the defendant on the trial that the steps in question did not constitute a stairway within the statute. In the motion for a nonsuit at the close of the plaintiff's case there was no suggestion but that these steps were properly considered a stairway. There was no motion for a nonsuit made at the close of all the evidence and the original motion for a nonsuit was not renewed. Under the well-considered authorities, the failure of the defendant to renew the motion for a nonsuit at the close of all the evidence was an admission that there was a question of fact for the jury. (*Spencer* v. *State of New York*, 187 N. Y. 484.) In his charge to the jury the learned trial judge assumed that these steps constituted a stairway and no exception was taken to the charge challenging that assumption. I think it is too late to raise the question that these steps were not a stairway.

In construing the statute the trial judge held that a stairway like that in question, outside the building, was covered by the statute. It is true that the language of the statute is "In every tenement house," etc. The preposition "in," as used in the statute, is comprehensive enough to include the meaning "in and about." (2 Words & Phrases [2d series], 983.)

I think that the trial judge carefully distinguished what the jury might have found and did find as the proximate cause

of the plaintiff's injuries. The defendant argued that the ice on the step was the sole cause of such injuries. The court expressly charged the jury that if they found such to be the sole cause of the plaintiff's injuries, she could not recover. The counsel for the defendant has quoted from the opinion of this court delivered by the late Mr. Justice Robson in *Henson* v. *Lehigh Valley R. R. Co.* (122 App. Div. 160, 164) where that able jurist adopted the language of the Court of Appeals in *Grant* v. *Pennsylvania & N. Y. Canal & R. R. Co.* (133 N. Y. 657), to wit: " Where there are two or more possible causes of an injury, for one or more of which the defendant is not responsible, the plaintiff, in order to recover, must show by evidence that the injury was wholly or partly the result of that cause which would render the defendant liable. If the evidence in the case leaves it just as probable that the injury was the result of one cause as of the other, the plaintiff cannot recover."

I am content to adopt the rule here laid down and think that it fully sustains the ruling of the trial judge.

I recommend that the judgment and order appealed from should be affirmed, with costs.

All concurred.

Judgment and order affirmed, with costs.