PHŒBE CAHILL, Respondent, *v.* ABRAHAM KLEINBERG, Appellant.

Negligence — injuries sustained by janitress of tenement house from falling upon defective step in basement stairs of which owner had notice — statute (Tenement House Law [Cons. Laws, ch. 61], § 35) requiring that " all stairways shall be provided with proper banisters and railings " not applicable because stairway in question was bounded upon each side by a solid brick wall — evidence — erroneous admission of proof showing that handrail was added after the accident.

1. Where upon the trial of an action brought by the plaintiff, the janitress of a tenement house owned by defendant, to recover for injuries she received from falling upon a defective step in a stairway leading from the first floor to the basement, the defendant having been warned of the unsafe condition of the step and having promised to repair the same, it appeared that the stairway was bounded upon each side by a solid wall and that there were no banisters or handrails, it was error for the trial court to charge that the statute (Tenement House Law [Cons. Laws, ch. 61], § 35) requiring that " all stairways shall be provided with proper banisters and railings " was applicable, and in substance that the jury might find the failure of the defendant to comply with that statute to be evidence of negligence which would support a verdict against him. The statute is not applicable because the stairway was bounded upon each side by a solid brick wall.

2. The defendant not being compelled by the statute to affix a handrail to the walls which guarded the stairway in question it was also error for the trial judge to permit plaintiff's counsel to show that such a handrail had been affixed to the wall after the accident to plaintiff, by allowing him to introduce in evidence a photograph of

the stairway upon the explicit statement of the witness that it correctly showed the condition of the stairway at the time of the accident and then permitting him to show that the photograph was not a correct representation because the handrail had been added after the accident happened; furthermore the court permitted plaintiff to show by other witnesses that the handrail had been added after the accident.

     *Cahill* v. *Kleinberg*, 194 App. Div. 962, reversed.

(Argued March 15, 1922; decided April 18, 1922.)

Appeal from a judgment of the 'Appellate Division of the Supreme Court in the first judicial department, entered December 28, 1920, affirming a judgment in favor of plaintiff entered upon a verdict.

*E. C. Sherwood* and *Benjamin C. Loder* for appellant. The court erred in declining to charge the jury that the plaintiff could not recover a verdict merely because of the failure to have railings on these stairs. (L. 1897, ch. 415, art. 6, § 80; L. 1901, ch. 334, tit. 3, § 36.) It was error to permit plaintiff's counsel to bring to the attention of the jury the fact that since the accident the defendant has provided handrails at these stairs. (*Getty* v. *Town of Hamlin*, 127 N. Y. 636; *Corcoran* v. *Village of Peekskill*, 108 N. Y. 151; *Vanderburgh* v. *Steel*, 182 App. Div. 779; *Burns* v. *Crow*, 123 App. Div. 251; *Mackey* v. *City of New York*, 121 App. Div. 473; *Causa* v. *Kenny*, 156 App. Div. 134.)

*Joseph Levy* for respondent. The testimony on the part of the plaintiff was ample to show the negligence of the defendant in the aspects upon which her cause of action is based, to wit, the defective condition of the stairway and the absence of a railing or banister in violation of the provisions of the Tenement House Act. (*Williams* v. *D., L. & W. R. R. Co.*, 155 N. Y. 158.) The willful unexplained failure on the part of the defendant to provide railings on either side of the staircase in conformity with the provisions of the Tenement House Law was negligence *per se*. (L. 1919, ch. 99, § 35;

*Manhattan Co.* v. *Kadlenberg,* 165 N. Y. 1; *Martin* v. *Herzog,* 228 N. Y. 164; *Schaefer* v. *Houck,* 183 App. Div. 283; *Phillips* v. *N. Y. C. & H. R. R. R. Co.,* 127 N. Y. 657; *Hall* v. *New York Tel. Co.,* 159 App. Div. 53; *Bornstein* v. *Faden,* 149 App. Div. 37; 208 N. Y. 605.) No reversible error was committed by the admission of testimony offered on the part of the plaintiff to explain the photograph. (*McRickard* v. *Flint,* 114 N. Y. 222; *Devaney* v. *Degnon-McLean,* 79 N. Y. Supp. 1050; 178 N. Y. 620.)

HISCOCK, Ch. J.    Plaintiff was the janitress of a tenement house owned by the defendant. She claims that she fell upon a defective step in a stairway leading from the first floor to the basement in said house. This stairway consisted of steps or treads without risers fitted at each end into a timber or plank. There was no balustrade or handrail upon the stairway, but on each side thereof was a solid wall. Plaintiff's evidence tended to show that for some time before the accident one of the stairs or treads was cracked from end to end and that the defendant had been warned of this condition and had promised to repair the same. Her evidence further tended to show that on the occasion in question when she stepped upon this stair it gave way and that she fell down the stairway receiving serious injuries, and also that if there had been a handrail fastened to the wall she would have been able to catch hold of it and save herself from the fall which she experienced.

While the issues involved in these claims were vigorously contested and the jury might well have found in opposition to plaintiff's story, we are inclined to think that there was evidence from which the jury might infer negligence upon the part of the defendant without contributory negligence upon the part of the plaintiff. At least, we

shall assume this for the purposes of this discussion and if there were no other questions than those suggested by the plaintiff's theory as thus far outlined we should be inclined to affirm the judgment. There are, however, other questions which were injected into the case by the court and counsel and in the disposition of which such errors were committed as, in our opinion, call for a new trial.

As we have stated, this stairway was bounded upon each side by a solid wall and there were no banisters or handrails. Under these circumstances the trial court charged that section 35 of the Tenement House Law (Cons. Laws, ch. 61), relating to banisters was applicable, and in substance that the jury might find the failure of the defendant to comply with that statute to be evidence of negligence which would support a verdict against him. We think that the statute in question was not applicable and that, therefore, the instructions of the court were erroneous. Said section reads as follows: " Stairways. In every tenement house all stairways shall be provided with proper banisters and railings and kept in good repair. In any tenement house any new stairs that may be hereafter constructed leading from the first story to the cellar or basement, shall be entirely enclosed with brick walls." We have, therefore, as the provision upon which plaintiff places her reliance one which requires for a stairway " proper banisters and railings," and plaintiff seeks to stretch and construe this language so that it will apply to and require a handrail fastened to a solid wall. That in our judgment is not the common or sensible meaning of the words. It is perfectly well understood that a banister and a railing mean a balustrade consisting of balusters or supports upon which is placed a railing. It is the common construction which we see on the outer and open edge of a stairway and it is clear that by the legislation in question the legislature intended that such a barrier should be placed upon the outer edge

of every stairway as a protection against persons falling over said outer edge and receiving injuries. The entire purpose of the provision and of such a structure is obviated when the side of the stairway is protected by a solid wall as was the condition in this case. While the legislature might have provided for a handrail in the case of such a stairway as is involved in this case as a protection against slipping and falling down the stairs, it would be going far in the processes of interpretation to hold that the language employed in this statute contemplated any such purpose or that it might be reshaped in its meaning so as to describe a handrail affixed to a wall instead of an ordinary banister such as is actually described in the statute.

We think that this view is confirmed by the later sentence in the statute which provides that stairs leading from the first story to the cellar or basement shall be entirely inclosed with brick walls and supplied with fire doors. Evidently when the legislature came to such stairway its mind was occupied with different purposes. It seems to have been contemplating the possibility of fire. And so it turned away from banisters to solid walls and fire doors and enacted provisions which again suggest nothing in the way of a handrail to prevent people from stumbling on the stairs.

This question was involved and received consideration in the case of *Abadie* v. *Hyde Real Estate Corporation* (224 N. Y. 641) and our decision in that case was almost necessarily one adverse to plaintiff's claim in this case.

Reaching the conclusion that defendant was not compelled by the statute to affix a handrail to the walls which guarded the stairway in question, we think that further errors were committed by the trial judge in permitting plaintiff's counsel to show that such a handrail had been affixed to the wall after the accident happened.

It is the ordinary rule, so well established as not to require discussion, that a plaintiff claiming negligence in

a structure may not establish such negligence by showing that the defendant after the accident made certain changes. It is true that occasionally it becomes necessary or proper for a plaintiff to introduce a photograph of a scene of an accident and then to show that it is an accurate representation as of the time of the accident save some changes which have occurred. There are, however, distinct limitations upon this process and we are aware of no case where a plaintiff, over proper objection, has been allowed to introduce a photograph showing a condition subsequent to the accident with the necessary result and for the purpose of proving that the defendant had made certain changes after the accident happened and in accordance with what plaintiff claims should have been done before. That is what plaintiff's counsel did in this case and we cannot refrain from the belief that the whole proceeding was a clever maneuver for the purpose of showing just what the law forbade him to show — that defendant had placed a handrail upon the wall after the accident happened. He offered a photograph of the stairway in evidence and it was received upon the explicit statement of his witness that it correctly showed the condition of the stairway as it existed at the time of the accident. Having procured the admission of the photograph on this theory that it was a correct representation and, therefore, proper, he then proceeded immediately to show, over proper objection and exception, that it was not a correct representation because the handrail had been added after the accident happened. Further than this, upon two subsequent occasions, without the slightest excuse and over the objection and exception of the defendant, he was permitted to show by other witnesses that the handrail had been added after the accident happened. This course upon his part was in our opinion a persistent violation of perfectly well-understood rules to which he should have yielded obedience.

1922.]  Statement of case.  [233 N. Y. 261]

It may be that the evidence did no serious harm on the present trial owing to the decision of the trial justice that the statute required the defendant to place such handrail. This mitigation of evil consequences will not, however, be present upon another trial and reasonable prudence would seem to suggest that counsel refrain from again violating the rules of evidence.

The judgment should be reversed and a new trial granted, with costs to abide event.

All concur.

Judgment reversed, etc.