DINA FREEWALD, Respondent, *v.* 1605 NELSON AVE., INC., Appellant.

First Department, November 18, 1932.

*Alvin R. Cowan* of counsel [*Harold M. Phillips*, attorney], for the appellant.

*Herbert Kaufman*, for the respondent.

TOWNLEY, J. This is an action to recover damages for personal injuries. The plaintiff fell down an outside stairway at premises No. 1605 Nelson avenue in the city of New York. This is a tenement house and is governed by the Tenement House Law. Plaintiff was a tenant whose lease began at a date subsequent to the accident. She had, however, received permission to move her furniture into the premises. As the plaintiff left the hallway leading to the outside stairway and descended the stairway, she tripped and fell on the first step. These stairs consist of three sections with a landing on each section. There was concededly no banister or railing but there was a solid stone coping on each side of the steps.

The Appellate Term held that section 35 of the Tenement House Law governed the case and that the defendant was liable for damages. Section 35 reads as follows: " Stairways. In every tenement house all stairways shall be provided with proper banisters and railings and kept in good repair. In any tenement house any

new stairs that may be hereafter constructed leading from the first story to the cellar or basement, shall be entirely inclosed with brick walls, and be provided with fireproof self-closing doors at both the top and the bottom. * * *."

The determination of the Appellate Term is in conflict with the decision of the Court of Appeals in *Cahill* v. *Kleinberg* (233 N. Y. 255). In that case, Chief Judge HISCOCK, speaking for the court, interpreted the scope of section 35, as follows: " It is perfectly well understood that a banister and a railing mean a balustrade consisting of balusters or supports upon which is placed a railing. It is the common construction which we see on the outer and open edge of a stairway and it is clear that by the legislation in question the Legislature intended that such a barrier should be placed upon the outer edge of every stairway as a protection against persons falling over said outer edge and receiving injuries. The entire purpose of the provision and of such a structure is obviated when the side of the stairway is protected by a solid wall as was the condition in this case. While the Legislature might have provided for a handrail in the case of such a stairway as is involved in this case as a protection against slipping and falling down the stairs, it would be going far in the processes of interpretation to hold that the language employed in this statute contemplated any such purpose or that it might be reshaped in its meaning so as to describe a handrail affixed to a wall instead of an ordinary banister such as is actually described in the statute."

There is nothing in this record which indicates that this case should be treated as an exception to the rule laid down by the Court of Appeals.

The determination should be reversed, with costs, and the judgment of the Municipal Court affirmed, with costs.

FINCH, P. J., MARTIN, O'MALLEY and SHERMAN, JJ., concur.

Determination reversed and the judgment of the Municipal Court affirmed, with costs and disbursements to the appellant in this court and in the Appellate Term.