Anna Armstrong, Individually and as Guardian ad Litem of Joseph Armstrong, Plaintiff, v. Bertha Rapp, Defendant.

Supreme Court, Trial Term, Bronx County, December 6, 1937.

*Julius S. Berg* [*E. J. Bisgyer* of counsel], for the plaintiff.

*Dimond, Barton & O'Gorman* [*Martin Tarr* of counsel], for the defendant.

Noonan, J. The entrance way from the sidewalk to the multiple dwelling No. 424 East One Hundred and Fifty-seventh street, borough of the Bronx, New York city, consists of a stoop with four stone steps. The first step from the entrance door is a plat-

form or landing. On each side of the first step or landing is a stone coping about eighteen inches high. On each one of these copings there are stone columns or pillars, one column partly projecting from the wall of the building. There is a space of seventeen inches separating the bases of the two columns.

On the second floor of this apartment house the infant plaintiff, a boy nine years of age, resided with his mother. On November 17, 1934, at about five P. M., the plaintiff had gone to his apartment and was sent by his mother to a nearby store to make a purchase of some groceries. After making his purchase the boy returned to the building, but before going upstairs to his apartment sat down on the top of the stone coping on his right-hand side in the space of seventeen inches between the base of one pillar and the base of the other which partly projected from the wall. He had placed the package containing his purchase on the floor of the landing near his feet. He sat there for about five minutes with his feet resting on the landing. On hearing a voice calling him he leaned back sideways over an open areaway in an effort to discover where the voice came from. In leaning back he lost his balance and fell to the bottom of the areaway, a distance of about twenty feet, sustaining somewhat serious injuries to his nose and the wrist of his right hand.

The plaintiff's cause of action is based on an alleged violation of section 52 of the Multiple Dwelling Law (Laws of 1929, chap. 713, as amd. by Laws of 1930, chap. 841), which provides that in every multiple dwelling thereafter erected " the upper surface of every balustrade or railing placed at any stair landing shall not be less than two feet and eight inches or more than three feet above the level of such landing." Subdivision 21 of section 4 of the same law provides: " Every outside stairway, fire tower, porch, platform, balcony, and ornamental projection which extends more than twelve inches beyond the wall of a dwelling shall be considered as part of the dwelling and not as part of the yards or courts nor as unoccupied area."

The proof shows that the upper surface of the stone coping upon which the plaintiff sat was less than two feet eight inches above the level of the landing, and it is asserted that the photograph in evidence of the stairway shows that it extended more than twelve inches beyond the wall of the building. It is claimed that this violation of the Multiple Dwelling Law caused the accident and rendered the defendant responsible. There is no proof as to the time when the multiple dwelling in question was constructed. However, section 52 of the Multiple Dwelling Law is made applicable to dwellings erected prior to 1929 by section 25 of the same law.

The question remains whether the defendant was guilty of a violation of law. Plaintiff's case rests upon the contention that the stone coping constituted a railing or balustrade. In my judgment, section 52 does not apply to an outside stairway such as the one in question.

Subdivision 24 of section 4 of the Multiple Dwelling Law provides: " A ' stair ' includes the stair landings, and those portions of a public hall through which it is necessary to pass in going between the entrance floor and the roof." This provision is not in conflict with subdivision 21 of the same section. It has been held that the Multiple Dwelling Law does not require handrails on an outside stairway constructed like the one in this case. (*Hunter* v. *G. W. H. W. Realty Co., Inc.*, 247 App. Div. 385.)

The cases of *Davidoff* v. *Cohen* (136 Misc. 404) and *Schaefer* v. *Houck* (183 App. Div. 283), relied upon by the plaintiff, construed section 35 of the Tenement House Law (Laws of 1909, chap. 99), which has been superseded by the Multiple Dwelling Law. These cases are in apparent conflict with the later cases of *Freewald* v. *1605 Nelson Ave., Inc.* (236 App. Div. 643) and *Indinali* v. *Lerner* (243 id. 735), which held that section 35 of the Tenement House Law did not demand the construction of handrails on an outside stoop leading into a multiple apartment house.

An inspection of the photograph in evidence of the stairway clearly shows that it could not be better constructed for the safety of persons using it. It is difficult to see how the alleged violation of law caused the accident to the plaintiff. The stone coping upon which he sat was safe enough if he had not leaned back to find out where the voice came from, which resulted in his loss of balance and consequent fall into the areaway. While the infant plaintiff cannot be held to the same degree of care as an adult, yet the conclusion remains that it was his utter carelessness in leaning back too far which brought about the accident.

At the close of the plaintiff's case the defendant rested. Both parties thereupon made motions for the direction of a verdict. For the reasons stated a verdict is directed in favor of the defendant, with an exception to the plaintiff. In view of this direction, it is unnecessary to pass upon the motion to dismiss upon which decision was reserved at the close of the plaintiff's case. Ten days' stay and thirty days to make a case.