CORTLANDT HOWELL, Respondent, v. MAE E. DEARLING, Appellant.— In an action to recover damages for personal injuries alleged to have been sustained when respondent, who was riding a bicycle, was struck by a car driven by appellant, at a street intersection, judgment in favor of plaintiff, entered upon the verdict of a jury, reversed on the law and the facts and a new trial granted, with costs to appellant to abide the event. Error was committed by the learned trial court in admitting evidence as to the fact that appellant had changed the windshield of her automobile subsequent to the accident. (*Cahill* v. *Kleinberg*, 233 N. Y. 255.) In a case as close as this, we are unable to state that the erroneous admission of this evidence did not affect appellant's substantial rights. Nolan, P. J., Carswell, Adel, Sneed and Wenzel, JJ., concur.

In the Matter of GUISEPPE CLEMENTE, Appellant, against MAURICE FINKELSTEIN et al., as Commissioners of the Temporary City Housing Rent Commission of the City of New York, Respondents.— Appeal from an order denying appellant's application, in a proceeding brought pursuant to article 78 of the Civil Practice Act, to compel respondents to issue a certificate of eviction. Appellant was the owner of a bungalow, which he occupied with his family, and a two-family house. After the sale of the bungalow, appellant sought a certificate of eviction to permit the commencement of summary proceedings to recover possession of an apartment in the two-family house, for occupation by himself and his family, claiming that a compelling necessity existed for the eviction of the tenant who occupied the apartment, by reason of the fact that appellant and his family, who had, by agreement with the purchaser of the bungalow, been permitted to occupy the basement of that house, would be forced to vacate such accommodations, and that such accommodations were inadequate and unsanitary. Respondents denied appellant's application for a certificate of eviction on the ground that the compelling necessity urged by appellant was self-created. Order unanimously affirmed, with $10 costs and disbursements. No opinion. Present — Nolan, P. J., Carswell, Adel, Sneed and Wenzel, JJ.

In the Matter of the Application of ALFRED B. HARDING, Respondent, to Compel an Accounting by LEONARD A. PADULA et al., as Executors of GEORGIANA N. HARDING, Deceased Executrix of BURCHAM HARDING, Deceased, Appellants. HOWARD W. HARDING et al., Respondents.— In a proceeding to construe a will and to compel an accounting, decree of the Surrogate's Court, Dutchess County, unanimously affirmed, with costs to all parties filing briefs, payable out of the estate. No opinion. Present — Nolan, P. J., Carswell, Adel, Sneed and Wenzel, JJ. [See 275 App. Div. 678.]

In the Matter of SAMUEL KESSLER, Respondent, against PAUL E. SCHMITTMAN, as Highway Superintendent of the Town of Putnam Valley, et al., Appellants.— Final order, in a proceeding under article 78 of the Civil Practice Act, prohibiting the respondent highway superintendent from assessing the cost of removal of a stone wall from petitioner's property as an obstruction to the adjoining roadway, unanimously affirmed, with $50 costs and disbursements. No opinion. Present — Nolan, P. J., Johnston, Adel, Sneed and MacCrate, JJ.