ALICIA DE CASIANO et al., Appellants, *v.* SARAH E. MORGAN and ANNA ROSENBLUM, as Administratrix of the Estate of HERMAN ROSENBLUM, Deceased, Respondents.

Argued April 19, 1955; decided June 2, 1955.

*Milton N. Redman* and *Harold Craske* for appellants.  I. Plaintiffs made out a prima facie case against the owner Morgan, and their complaint should not have been dismissed as against that defendant.  (*Howe* v. *Rockwell Co.*, 293 N. Y. 812; *Galligan* v. *Druidan Real Estate Co.*, 266 N. Y. 445; *Socony Burner Corp.* v. *Gold,* 227 App. Div. 369; *Wax* v. *Langdon Co.*, 88 Misc. 5; *Red Hook Cold Storage Co.* v. *Department of Labor,* 295 N. Y. 1; *Hente* v. *Shercoop Corp.*, 289 N. Y. 140; *Weiner* v. *Leroco Realty Corp.*, 279 N. Y. 127; *Amberg* v. *Kinley,* 214 N. Y. 531; *Hyland* v. *Cobb,* 252 N. Y. 325.)  II. The conduct of the court was prejudicial to plaintiff.  III. The court's charge on the medical testimony was erroneous and prejudicial.  (*Trump* v. *Associated*

*Transport*, 275 App. Div. 982; *Dutton* v. *Marcone*, 269 App. Div. 947; *Forward Publication* v. *International Pictures*, 277 App. Div. 846.) IV. The court's refusal to charge defendant Rosenblum's duty under the statutes was error. (*Amberg* v. *Kinley*, 214 N. Y. 531.) V. The court committed error in not allowing questioning concerning the activities of a deceased defendant. VI. The court committed error in striking out the testimony of the architect Orlando. (*Jenks* v. *Thompson*, 83 App. Div. 343; *Glynne* v. *National Exhibition Co.*, 204 App. Div. 757.) VII. The verdict of the jury was a compromise caused by confusion induced by the serious errors of the court. (*Bushey* v. *State of New York*, 281 App. Div. 728, 305 N. Y. 744.)

*Patrick E. Gibbons* for Sarah E. Morgan, respondent. The complaint as against defendant Sarah E. Morgan was properly dismissed. (*Homin* v. *Cleveland & Whitehill Co.*, 281 N. Y. 484; *Cullings* v. *Goetz*, 256 N. Y. 287; *Campbell* v. *Holding Co.*, 251 N. Y. 446; *Liebowitz* v. *Denison Realty Corp.*, 250 App. Div. 204; *Kosior* v. *Pomrinse*, 249 App. Div. 196; *McCabe* v. *Mackay*, 253 N. Y. 440; *Gerber* v. *Seaich Realty Co.*, 259 App. Div. 667; *De Salvo* v. *Stanley-Mark-Strand Corp.*, 281 N. Y. 333; *Lafflin* v. *Buffalo & Southwestern R. R. Co.*, 106 N. Y. 136.)

*Samuel E. Swiggett* for Anna Rosenblum, respondent. I. The contention of plaintiffs that the conduct of the trial court was prejudicial to plaintiffs is unfounded. II. The contention of plaintiffs that the court's charge as to the medical testimony was erroneous and prejudicial is without merit. III. The contention of plaintiffs that the court's refusal to charge defendants' duty under the statutes is without merit. (*Amberg* v. *Kinley*, 214 N. Y. 531; *Teller* v. *Prospect Heights Hosp.*, 280 N. Y. 456.) IV. The contention of plaintiffs that the court committed error in not allowing questioning concerning the activities of the deceased is without merit. V. The court committed no error in striking out the testimony of the architect. VI. The contention of plaintiffs that the verdict was the result of compromise is without merit.

*Per Curiam.* In the accident which occasioned this negligence action, plaintiff Alicia De Casiano tripped over a loose piece of metal " nosing " on the edge of one of the hallway steps in the building where she worked, and fell to the bottom of the

long stairway. She had reached for the handrail, she testified, to stop her fall, but could not secure a hold since it was flush against the wall. She and her husband, who joined as a plaintiff to recover for loss of services, obtained a judgment for $1,800 against defendant Rosenblum, the lessee of the entire building, but their complaint against defendant Morgan, the owner, was dismissed on the ground that no actionable negligence on her part had been established. After a unanimous affirmance by the Appellate Division, plaintiffs now appeal, by permission of this court, from the judgment in both of its aspects.

The building in which plaintiff wife was employed was, concededly, a " tenant factory," and, by reason thereof, governed by provisions of the Labor Law requiring the owner, whether or not in possession or control, to provide all stairways " with proper hand rails " (Labor Law, §§ 272, 316). " Handrails," as distinguished from " banisters " or " railings," are designed " as a protection against slipping and falling down the stairs ". (*Cahill* v. *Kleinberg,* 233 N. Y. 255, 259.) In this case, there was evidence that the fall might have been averted were it not for the fact that the handrail was flush against the wall and so designed that a person descending the stairway could not grasp it effectively. Accordingly, whether it was a " proper " one, within the meaning of the Labor Law, gave rise to a question of fact that should have been submitted to the jury. Plaintiffs are, therefore, entitled to reversal and a new trial as to defendant Morgan.

However, no basis exists for reversing plaintiffs' judgment against defendant Rosenblum. That the jury may have awarded less damages than the evidence warranted cannot help plaintiffs, since the adequacy of the verdict is beyond the province of this court to review. (See, e.g., *Serano* v. *New York Central & H. R. R. R. Co.,* 188 N. Y. 156, 166; *Kiff* v. *Youmans,* 86 N. Y. 324, 327; see, also, Cohen and Karger, Powers of the New York Court of Appeals, p. 589.) And, as to the only other asserted errors having any semblance of merit, it is enough to remark that they related solely to the question of defendant Rosenblum's negligence and liability, and not to the amount of damages. They could not have harmed or prejudiced plaintiffs, for, as the verdict renders manifest, the jury necessarily found such liability

to exist; had it concluded otherwise, it could not, of course, have returned a verdict for plaintiffs.

As to defendant Rosenblum, the judgment should be affirmed, without costs. As to defendant Morgan, the judgment should be reversed and a new trial granted, with costs to abide the event.

CONWAY, Ch. J., DESMOND, DYE, FULD, FROESSEL, VAN VOORHIS and BURKE, JJ., concur.

On appeal from judgment against defendant Rosenblum: Judgment affirmed.

On appeal from judgment in favor of defendant Morgan: Judgment reversed, etc.