LILLIAN COURTNEY, as Administratrix of the Estate of FRANCIS A. COURTNEY, Deceased, Appellant, *v.* ABRO HARDWARE CORP., Respondent, et al., Defendant.

First Department, June 28, 1955.

*Joseph Kane* for appellant.

*Frank J. Horan* of counsel (*Phillips, Ahearn & Bivin,* attorneys), for respondent.

*Per Curiam.* On November 23, 1946, the deceased, Francis A. Courtney, fell while descending a stairway in the premises 521–529 W. 207th Street, borough of Manhattan, New York City. He was rendered unconscious, and died the following day.

The premises are a two-story building. The first floor is occupied by stores, and the second floor consists of a meeting room or hall, approximately 60 by 100 feet, which was leased by the defendant-respondent to St. Joseph's Council, Knights of Columbus, for a '' meeting and club room and for conducting its social activities ''. The deceased was attending a wedding held in the hall, which had been rented out by the council for that purpose on the day of the accident.

One of the elements of negligence asserted by the plaintiff was the failure to supply hand-rails as required by statute. If the premises was a public building, the stairway was required to have hand-rails on both walls. In fact, there was only one hand-rail on the wall to the left in descending the stairs. The deceased's wife had her hand on that rail, and he had his left arm under his wife's right arm. The stairway was about four feet wide.

The trial court found that there was no defect in any steps, and noted that as the decedent fell he '' was propelled forward with his arms outstretched, it was physically impossible for him to have grabbed a handrail even if one had been there.'' We think that this overlooks the fact that, if a hand-rail had been furnished, the decedent might have held on to it as he descended the stairs, and could have avoided falling. Therefore, the absence of the rail, if required by law, would seem to be a proximate cause of the accident. (See *Martin* v. *Herzog,* 228 N. Y. 164, and *Davidoff* v. *Cohen,* 136 Misc. 404.) However, the necessity for the rail depends upon whether the premises was a public building within the applicable provisions of law.

The evidence disclosed that the hall of the council was a lodge room or place in which persons were congregating for recreational purposes. At the time of the accident, therefore, the premises was a public building within the meaning of the Administrative Code of the City of New York (§ C26–235.0), and hand-rails were required on both sides of the exit stairs (§ C26–292.0, subd. 1). The law was the same in this respect in 1921, when the building was erected, and during the intervening years (see N. Y. City Code of Ordinances, ch. 5, art. 4, § 70, subd. 2; ch. 5, art. 8, § 153, subd. 6).

We hold that the absence of the hand-rail was a proximate cause of the fatal injury to plaintiff's intestate (*Martin* v.

*Herzog, supra; Davidoff* v. *Cohen, supra*). A hand-rail is designed to act " as a protection against slipping and falling down the stairs " (*Cahill* v. *Kleinberg*, 233 N. Y. 255, 259; see, also, *De Casiano* v. *Morgan*, 308 N. Y. 526).

We have examined the record concerning control of the premises, including the stairway, and find that there is ample evidence that the defendant-respondent was legally in control.

Accordingly, we award the plaintiff the sum of $15,511.35 as damages on the first cause of action and the sum of $500 on the second cause of action.

The judgment and order appealed from should be reversed, with costs to the appellant, and judgment directed to be entered in favor of plaintiff in accordance with this opinion. Settle order.

BREITEL, J. (dissenting). Plaintiff and her deceased husband attended a wedding on the second floor of a two-story building from 10:00 P.M. until midnight. Liquor and beer were served but, according to plaintiff, deceased only partook of " about two " beers. When leaving, as they were walking arm-in-arm down a four-foot-wide stairway, deceased tripped on the top three or four steps and was propelled forward to the bottom of the stairway, where he was mortally injured. As he tripped and fell, according to plaintiff, deceased's arms were outstretched before him and he tried to grasp something but there was nothing there. The stairway had a hand-rail on plaintiff's side but none on the deceased's side.

In considering deceased's activities and participation in the wedding festivities, he was no casual guest. He had, in fact, rented the hall for the wedding on behalf of his friend, who was getting married.

It is not sufficient that if there had been a second hand-rail deceased " might have " held onto it as he descended the stairs and thus could have avoided falling. There is no evidence as to what caused decedent to trip or fall. He was holding the arm of plaintiff, his wife, but she provides no information as to what caused the fall. There is nothing in the case to indicate that the deceased could not have supported himself by the ceiling-high wall that bordered the stairway on the other side from his wife. But all of this is vain speculation. The case was tried without a jury by an able and experienced Official Referee who did not omit the consideration of the lack of a second hand-rail as a cause of the accident. Thus, in his decision the learned Official Referee stated: " The testimony established that in fall-

ing the decedent's arms were outstretched and that as he fell forward he tried to grab something but there was no handrail for him to grab. On the proof adduced I find that there was no defect on either step. As decedent was propelled forward with his arms outstretched, it was physically impossible for him to have grabbed a handrail even if one had been there. In view of the established fact it would be too speculative or conjectural to hold that the absence of the handrail was an efficient concurring proximate cause of the accident.''

This is not a case where the deceased met his death without a witness to the accident. While the measure of proof may be less than is usually required in order to establish negligence and proximate cause, this being a death action, we may not ignore the effect of the presence of a competent witness to what happened. The evidence in this case hardly meets even the requirement of an action for a nonwitnessed death. (*Noseworthy* v. *City of New York*, 298 N. Y. 76.) But again this was not a nonwitnessed accident. Decedent's wife, an interested witness, was present, observed, and testified to all that happened. Her testimony provides no basis inferentially, but only perhaps speculatively, to sustain a finding that the absence of a second hand-rail had anything to do with the accident.

It does not appear that the applicability of the hand-rail requirements of either the Administrative Code (§ C26–292.0, subd. 1, par. 1) or the old Building Code (N. Y. City Code of Ordinances, ch. 5, art. 8, § 153, subd. 6) is affected by whether the structure is a public building or a place of public assembly. (See Administrative Code, §§ C26–272.0, C26–273.0, subd. a, par. 1, and N. Y. City Code of Ordinances, ch. 5, art. 8, § 151.) Since the contrary is suggested, however, in the opinion of the majority, it should be noted that there is no evidence in this record that the structure in suit was either a public building or a place of public assembly. All there is in the record is the lease recital that the second floor, exclusive of the stairway, had been leased for a '' meeting and club room and for conducting * * * social activities '' and that a wedding was conducted on the premises on the night in question. The Administrative Code, in addition to defining a public building (§ C26–235.0, subd. a), defines a place of assembly to include a '' room or space which is occupied by seventy-five or more persons and which is used for educational, recreational or amusement purposes '' (§ C26–116.0). There is no evidence in the record showing how many people generally used the meeting hall on the second floor. (In fact, there is suggestion in the record that the

authorized occupancy for the hall was only fifty persons.) Plaintiff, in arguing her case, referred to these provisions, not with reference to the hand-rail statute, but in order vainly to invoke those provisions of the statutes which required additional means of egress and higher standards for intermediate landings in public buildings and places of public assembly. (Administrative Code, §§ C26–281.0, C26–292.0, subd. f, par. 1; cf. N. Y. City Code of Ordinances, ch. 5, art. 8, § 153, subd. 5.)

However, there is still another aspect to this case. The Administrative Code does not apply generally to buildings constructed prior to 1938 (§§ C26–272.0, C26–273.0, subd. a, par. 1). The Code of Ordinances, insofar as it had less strict requirements than the later Administrative Code, and if there has been no change of use shown, applies to this building, which was constructed in 1921.

Neither the statutes nor the evidence in this case require that we overturn the considered decision of the learned Referee, who viewed the witnesses.

The judgment should be affirmed.

CALLAHAN, BOTEIN and RABIN, JJ., concur in *Per Curiam* opinion; BREITEL, J., dissents and votes to affirm in opinion in which COHN, J. P., concurs.

Judgment and order reversed, with costs to the appellant, and judgment is directed to be entered in favor of the plaintiff in accordance with the opinion herein. Settle order on notice.