ALICIA DE CASIANO et al., Respondents, v. SARAH E. MORGAN, Appellant, et al., Defendant.

First Department, June 26, 1956.

*Patrick E. Gibbons* of counsel (*Galli & Locker,* attorneys), for appellant.

*Milton N. Redman* of counsel (*Redman & Rogers,* attorneys), for respondents.

Cox, J. This action was brought to recover damages for personal injuries sustained by plaintiff Alicia De Casiano — as the result of a fall, after tripping on the stairway of a factory building where she was employed — against the tenant Rosenblum who controlled the stairway, and the landlord Morgan for violation of a statutory duty.

On the trial, the complaint was dismissed as against Morgan and the case as against Rosenblum resulted in a jury verdict in the amount of $1,800. Plaintiff appealed to this court and to the Court of Appeals from the dismissal, as error, and from the judgment against Rosenblum on the ground of inadequacy. The Court of Appeals affirmed as to Rosenblum but reversed and granted a new trial as to Morgan (308 N. Y. 526).

After the decision of the Court of Appeals, defendant Rosenblum, pursuant to subdivision 4 of section 530 of the Civil Practice Act, deposited the amount of the judgment with the Clerk of the court and defendant Morgan, by permission, served a supplemental answer pleading such payment as a satisfaction of the judgment and a bar to the present action.

Plaintiff's motion to dismiss the supplemental answer as insufficient was granted on the ground that an involuntary satisfaction of judgment against one defendant does not constitute a bar to an action against another defendant by the injured party. The order entered thereon is the subject of this appeal.

We feel that *Collins* v. *Smith* (255 App. Div. 665) is controlling. In its three to two decision, the court said (p. 666):

"The defense is good if the payment into court was not collusive. Plaintiff has received satisfaction from the tenant, and to permit her to recover also from the landlord is to violate the primary rule that the law does not permit a double satisfaction for a single injury. * * * her damages have been liquidated by a jury, compensated for, and her cause of action extinguished."

When the Court of Appeals affirmed the $1,800 judgment against defendant Rosenblum and ordered a new trial against defendant Morgan, it did not mean, as plaintiff claims, that the new trial could proceed if the $1,800 judgment was satisfied. Whatever elements entered into that decision, the subsequent situation has become different. The jury having previously determined the nature and extent of plaintiff's injuries and by verdict having appraised their value in an amount which the Court of Appeals considered beyond its province to review, the defendant Rosenblum paid that amount. There was only one wrong; compensation has been made for that wrong; and plaintiff is not entitled to a reappraisal.

The order should be reversed and the motion denied.

BOTEIN and RABIN, JJ., concur; PECK, P. J., and BREITEL, J., dissent and vote to affirm.

Order reversed, with $20 costs and disbursements to the appellant, and the motion denied.