Arthur G. Klein, J.
This action was tried before me without a jury. Both sides waived findings of fact and conclusions of law.
The plaintiff, Henrietta V. Murray, sues herein to recover damages for injuries alleged to have been sustained by her in an accident occurring on July 10, 1957, at about 9:30 o’clock in the morning on defendant’s premises. On the date in question she was employed as secretary to a physician whose offices were located on the ground floor of the apartment building at 825 West End Avenue, in this city. She had walked up the “ service ” stairway in this multiple dwelling to deliver something to her employer’s mother who lived in an apartment one floor above the physician’s office. On leaving the mother’s apartment to return to her employer’s office she went to the door leading to the same stairway. This door opened out upon the stairway and was so constructed that a person, about to descend the stairway, and opening the door was confronted immediately by the set of stairs, at a left angle to the door, leaving a narrow space to place the foot. The plaintiff testified that as she opened the door to descend the stairs there was a space of about three inches on which to place her foot. The plaintiff further testified that as she opened the door preparatory to descending the stairs, the dim light which came from a fixture above the door, but on the hallway side, was obscured so that a shadow was cast on the platform or landing at the top of the stairs on the stairway side. She further testified that as she opened the door to descend the stairway, she took a step with her left foot but was unable to plant it firmly on the landing or platform because of, as she claims, the narrow space existing between the partly opened door and the edge of the landing. Suddenly, she found herself unbalanced in midair and went crashing down the stairway, sustaining the serious injuries for which she seeks to recover damages.
She contends that the defendant was guilty of a violation of the Multiple Dwelling Law in that no handrail was supplied on the left-hand wall of the stairway. It is conceded that there was a bannister and railing on the right-hand side and a solid wall on the left side.
The lack of a handrail on the left side where there was a solid wall, does not constitute a violation of the statute (Cahill v. Kleinberg, 233 N. Y. 255; Multiple Dwelling Law, § 210).
*537 Section 52 of the Multiple Dwelling Law, upon which plaintiff relies, has no application here since this building was constructed prior to 1929. Neither is the case of Courtney v. Abro Hardware Corp. (286 App. Div. 261, affd. 1 N Y 2d 717) cited by plaintiff, controlling here. That case involved a public building in the City of New York. Such a building comes within the provisions of the Administrative Code and is not governed by the provisions of the Multiple Dwelling Law.
The plaintiff failed also to establish any failure on the part of the defendant to furnish the required lighting.
Judgment is accordingly awarded in favor of the defendant dismissing the complaint on the merits on the law and the facts. The foregoing constitutes the decision of the court required by section 440 of the Civil Practice Act. Thirty days ’ stay and 60 days to make a case.
All motions on which decision was reserved are denied with appropriate exception.