GEORGE KELLY, Respondent, *v.* BERNARD McGREEVY, Appellant.

First Department, April 5, 1918.

Landlord and tenant — negligence — injury to person delivering goods to tenant — defective stairway — wrongful occupancy of cellar by tenant without knowledge or consent of landlord — landlord not liable for injury to trespasser.

Although the owner of an apartment house may have been negligent in failing to repair a stairway leading to a cellar, he cannot be held liable for personal injuries received by a person descending the stairway to deliver goods of one of the defendant's tenants, if it appears that the tenant had no authority to use the cellar and the defendant had no knowledge whatever that he was using it.

The person delivering the goods to the tenant had no greater right as respects the cellar than the defendant's tenant, and the latter, by occupying the cellar without defendant's knowledge or consent, was a trespasser to whom the defendant owed no duty to repair.

APPEAL by the defendant, Bernard McGreevy, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 13th day of August, 1917, upon the verdict of a jury for $3,000, and also from an order entered in said clerk's office on the same day denying defendant's motion for a new trial made upon the minutes.

*Martin B. Faris* of counsel [*Julian S. Eaton,* attorney], for the appellant.

*Frank L. Tyson,* for the respondent.

SMITH, J.:

The action is brought against the defendant, the owner of an apartment house, for damages resulting from a fall of the plaintiff upon a cellar stairway, claimed to have been negligently left unrepaired. The lower step of this cellar stairway had been chipped off about two and one-half inches in the front, so that it was narrower than the other steps. The plaintiff was going down the stairs with a heavy load of potatoes to be deposited in the cellar. He fell from this lower step and injured himself, and he has recovered damages for the injuries which he has sustained. The evidence is sufficient upon the question of the freedom from contributory negligence on the part of the plaintiff, and also to establish negligence in the defendant provided the defendant owed any active duty to the plaintiff. It seems that the defendant was the brother of Martin McGreevy. Martin McGreevy was the lessee of a saloon upon the first floor of this apartment. That lease included the right to use a cold storage cellar underneath this saloon, but this cold storage cellar was separated entirely from the cellar in which the accident happened, and there was nothing in the lease itself that gave to Martin McGreevy any rights in the cellar in question.

The trial court charged that if Martin were a tenant in the building, whether or not the defendant had knowledge of the fact of the occupancy of this cellar, the defendant, being in control of the building, owed a duty both to the tenant and those whom he invited into the same. Counsel for defendant asked the court to charge that if Martin McGreevy, the saloon tenant, had no authority to use the kitchen in the cellar at the time of the accident in this case from the defendant, the owner of the building, and if defendant had no knowledge that he was using it, the defendant is not liable for injuries to a person delivering materials to such kitchen and using the stairs leading to it for that purpose, or using such stairs on the invitation of Martin McGreevy. This the court refused to charge, and I think erroneously. The plaintiff had no more right there than had Martin, and occupancy of this cellar by Martin without knowledge or consent of the owner would make him a trespasser to whom defendant would owe no duty to repair.

The judgment and order should be reversed and a new trial ordered, with costs to appellant to abide event.

Clarke, P. J., Laughlin, Dowling and Shearn, JJ., concurred.

Judgment and order reversed, new trial ordered, costs to appellant to abide event.