In the Matter of Proving the Last Will and Testament of MORRIS KLEIN, Deceased.

Surrogate's Court, Bronx County, April, 1922.

**Wills — contested probate — witnesses — when one who would take more under a will than in case of intestacy is competent to testify on behalf of contestants to personal transactions with deceased — Civil Practice Act, § 347.**

An eighteen-year-old son of testator who would take more under the will than if probate were denied is not an incompetent witness for the contestants under section 347 of the Civil Practice Act.

The witness, without attempting to release or assign his interest under the will or as an heir at law in order to qualify, testified over the objection of proponent concerning personal transactions with the decedent. *Held*, that his examination was not in behalf of persons deriving their interest or title from, through or under him, and a contention that if probate were denied, the difference between what he would have received under the will and his distributive share of the estate, would go to his mother, brothers and sister, thus increasing their rights in the estate, and that they are persons who derive their interest or title to a part of decedent's property from, through or under the witness, is untenable.

A motion to set aside a verdict against the will and for a new trial denied and probate refused, with costs to both parties and an allowance to the special guardian.

MOTION to set aside a verdict in a contested will case and for a new trial.

Surrogate's Court, Bronx County, April, 1922.          [Vol. 118

*Geza Eichhorn (Joseph I. Green,* of counsel), for proponents.

*Morris & Samuel Meyers (Samuel Meyers,* of counsel), for contestants.

*Arthur A. Henning,* special guardian.

SCHULZ, S. On this motion to set aside the verdict of a jury and for a new trial the question involved is whether it was proper to allow the examination of a son of the decedent who was also a legatee and devisee under his will. The witness was an infant eighteen years of age, was called by the contestants and testified against the will. His testimony was taken over the objection of the proponent that the witness was incompetent by reason of section 347 of the Civil Practice Act (formerly Code Civ. Pro. § 829) to testify concerning personal transactions with the decedent.

Two contentions are made: (a) That the witness was interested in the event; (b) that he was a person from, through or under whom an interested party derived his title by assignment or otherwise.

The section does not bar the examination of a person interested in the event nor one from, through or under whom such an interested party derives his title; it provides that such a person shall not be examined as a witness " *in his own behalf or interest, or in behalf of the party succeeding to his title or interest.*" In this matter the witness was not testifying in his own behalf or interest, for it is undisputed that he would take more if the propounded document was probated than if probate were denied; hence he was in fact being examined against his own interest and the statute did not prohibit such examination. *Carpenter* v. *Soule,* 88 N. Y. 251, 257; *Matter of Potter,* 161 id. 84, 88; *Matter of Woodward,* 167 id. 28, 30.

With regard to the second contention, it is urged that if the document be denied probate the witness would only receive his distributive share of the decedent's property and the difference between what he would have received under the will and such distributive share would go to his mother, brothers and sister; that thereby their rights in the estate would be increased and that, therefore, they are persons who derive their interest or title to a part of the decedent's property from, through or under the witness.

The witness has not attempted to release or assign his interest under the will or as an heir at law or next of kin in order to qualify. Being an infant he could not have done so even if he had desired. His testimony tended to a denial of probate, the result of which would have been that the decedent's property would have been distributed as in cases of intestacy. The heirs at law and next of kin who through failure of the probate would become entitled

to shares in the decedent's estate would not get them from, through or under the witness but directly from the decedent. It follows, therefore, that the witness' examination was not in behalf of persons deriving their interest or title from, through or under the witness. See cases *infra*.

In my opinion the cases cited by the moving party are not authorities for the granting of this motion.

In *Matter of Torkington*, 79 Hun, 128, an heir at law and next of kin was called by the contestant presumably against the will. It does not appear that his legacy under the will was larger than his share as heir and next of kin; hence it is not certain from the opinion whether the witness in that case was being examined in his own interest or against it. It would appear, however, that he was testifying in his own interest for he attempted to release it before so testifying.

In *Matter of Fitzgerald*, 33 Misc. Rep. 325, a legatee was called in favor of the will and it was held that he could testify if he released his interests. It was also held that, although the release increased the share of the residuary legatee, the releasing legatee cannot be said to be called in behalf of persons from, through or under whom he derived his interest or title, citing *Loder* v. *Whelpley*, 111 N. Y. 239.

In *Matter of Wilson*, 103 N. Y. 374, the witness was the executor and also a legatee. He presented the will for probate and offered himself as a witness. Evidently his testimony was in support of the will. It was held that upon producing a release of his interest as legatee the objection as to his competency was rendered untenable. In this case it was held that although the effect of the release was to swell the residuum of the estate and increase the amount to be distributed under the will, " The residuary legatee took nothing thereby in the right of the releasing legatee, and did, in no sense, succeed to the sum derived from, through or under any right of such legatee."

In *Bennett* v. *Bennett*, 50 App. Div. 127, the witness testified against the will. By its provision, it appears that certain real estate was devised to him, but this had been deeded to him by the testatrix before her death. If it were denied probate he, as an heir, would by operation of law become seized with the other heirs of the real estate which the decedent owned at the time of her death. He attempted to release his interest in the estate and if this release had been effective its result would have been to deprive him, as heir, of his share of such real estate and vest the same in his brothers. It would have been as though he had deeded the same to them. Under such circumstances the court was undoubtedly correct in

holding that the witness was disqualified to testify against the will because the persons in whose behalf he was called would then derive part of their title and interest from the witness by virtue of his release.   In this matter such is not the case.   Neither actually nor inferentially did this witness release any interest which he had in the property of the decedent.

The examination of the witness, therefore, was not prohibited by the statute and the motion must be denied.   An exception to such ruling is awarded to the proponents.

Upon the evidence taken and the answers of the jury to the controverted questions of fact submitted to them, probate of the paper propounded as the last will and testament of the decedent is denied, with costs to be taxed in favor of the proponent and the contestants, and an allowance to the special guardian.   Settle decree on notice.

Decreed accordingly.