BENJAMIN BEYER, Appellant, v. ANNA PARTHEY and PAUL PARTHEY, Respondents.— Order denying, upon reargument, plaintiff's motion for an injunction *pendente lite* reversed upon the facts, with ten dollars costs and disbursements, and motion granted, without costs, to the extent of prohibiting defendants from preventing plaintiff from having access, for himself and his cattle, to the field on the leased premises. In view of the litigation and the orders of the court, defendants should not have erected the fence. It will do no harm to permit it to remain if plaintiff have access *pendente lite*. Lazansky, P. J., Rich, Young, Seeger and Scudder, JJ., concur.

GAUDENCIO CABANG, Respondent, v. UNITED STATES SHIPPING BOARD MERCHANT FLEET CORPORATION, Appellant.— Order granting plaintiff's motion to amend the judgment by inserting the words " without prejudice " reversed upon the law and the facts, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs. The trial court had no revisory power over the judgment herein under the circumstances disclosed in the record. There does not appear in this record anything indicating that the trial court intended when it acted in the first instance, that the dismissal should be without prejudice, there having been no application for any such disposition and nothing having been said by the trial court to that effect. Accordingly, under section 482 of the Civil Practice Act, the dismissal was upon the merits. This disposition is made without prejudice, if plaintiff be so advised, to a new application to the Special Term in the event that the trial justice in fact intended at the time of the trial to dismiss without prejudice and so states in the record; in such an event the motion might then be properly granted upon the theory of correcting an inadvertence and making the record conform to the decision arrived at in the first instance. Lazansky, P. J., Kapper, Hagarty, Seeger and Carswell, JJ., concur.

JOHN M. CELCIS, Respondent, v. LOUIS ROTHBARD, Appellant.— Order modified so as to provide that defendant be directed to produce all his books, records, papers and registers containing entries relating to the cases in which plaintiff rendered services as specified in his bill of particulars, and limiting the examination of said books and papers to such transactions. As to defendant's book showing the money transactions between plaintiff and defendant, plaintiff is not entitled to an examination before trial as such book relates to the counterclaim, the burden of proof as to which is upon defendant. As so modified, the order is affirmed, without costs. Lazansky, P. J., Rich, Young, Seeger and Scudder, JJ., concur. Settle order on notice.

EDNA COAKLEY, an Infant, by WILLIAM R. COAKLEY, Her Guardian ad Litem, and WILLIAM R. COAKLEY, Respondents, v. WILLARD E. WHEELOCK, Appellant.— Order denying motion to vacate notice of examination affirmed, with ten dollars costs and disbursements; examination to proceed at same place and hour on five days' notice. No opinion. Lazansky, P. J., Rich, Young, Seeger and Scudder, JJ., concur.

THE COMMISSIONER OF PUBLIC WELFARE OF THE CITY OF NEW YORK, THERESA NIEDSTADT, Respondent, v. MARTIN BECK, Appellant.— Order of filiation of the Court of Special Sessions, borough of Richmond, unanimously affirmed. No opinion. Present — Lazansky, P. J., Rich, Kapper, Seeger and Scudder, JJ.