MARIA ASSALONE, as Administratrix, etc., of DOMENICK ASSALONE, Deceased, Respondent, v. THOMAS HAZEL, Defendant, Impleaded with FORSYTHE BROS., INC., Appellant.

Second Department, January 7, 1935.

*William L. O'Brion* [*E. C. Sherwood* with him on the brief], for the appellant.

*William Dike Reed* [*Austin G. Cocuzza* and *Eldon L. Wetmore* with him on the brief], for the respondent.

PER CURIAM. The judgment must be reversed for error on the trial for which the learned trial justice may not be held responsible. He followed the rule laid down by this court on a prior appeal (240 App. Div. 701) through a casual and inadvertent statement in the memorandum decision in respect to a subject not called to the attention of the court by brief or argument.

The action is to recover damages for death by wrongful act or neglect, plaintiff's intestate having been killed by the collapse of the "'boom" or arm of a crane while engaged in lifting a small load in excavating a cellar in which decedent was at work. The plaintiff sued the defendant in charge of the crane and also the operator for negligent operation. At the close of plaintiff's case on the first trial the complaint was dismissed as to the operator and judgment was entered in his favor. While it is obvious that such dismissal was not upon the merits, such is its legal effect, for neither decision nor judgment contained the words "without prejudice" or any equivalent expression. (Civ. Prac. Act, § 482; *Hollenbeck* v. *Ætna Casualty & Surety Co.*, 215 App. Div. 609; affd., 243 N. Y. 540; *Ziegler* v. *International Railway Co.*, 232 App. Div. 43.) Therefore, the operator was definitely out of the case, with a judgment in his favor that he was not negligent.

On this trial some evidence was offered on the subject of the operator's negligence, and, relying on what had been said inadvertently on the former appeal, the court charged in effect that the appellant was responsible for the negligence of the operator under the doctrine of *respondeat superior*. This constitutes reversible error (*Pangburn* v. *Buick Motor Co.*, 211 N. Y. 228, 234), even though the jury may have based the verdict solely on the doctrine

of *res ipsa loquitur*, which was also submitted in the charge — correctly, in our opinion. However, it is impossible to tell on which of the two theories of liability the jury reached a verdict.

The attorney for the plaintiff has never moved to amend the judgment entered in favor of the operator to show that it was not on the merits, as he might have done (*Cabang* v. *United States Shipping Board Merchant Fleet Corp.*, 227 App. Div. 751; *Caruso* v. *Metropolitan Five to Fifty Cent Store*, 214 id. 328; *Clark* v. *Scovill*, 198 N. Y. 279); nor did he ask this court on the former appeal to make such amendment. Even now that course is open to plaintiff, either to move at Special Term for such amendment or by motion for reargument of the first appeal in this court. The plaintiff's case has apparent merits, and she should not be deprived of her rights through errors in procedure.

The judgment should be reversed on the law and a new trial granted, costs to abide the event.

LAZANSKY, P. J., YOUNG, HAGARTY, TOMPKINS and DAVIS, JJ., concur.

Judgment reversed on the law and a new trial granted, costs to abide the event.