In the Matter of the Probate of the Last Will and Testament of MINNIE BRADY LAWLER, Deceased.

JANE M. SCHOOLEY and KATHRYN CONNORS, Nominated as Executrices, etc., of MINNIE BRADY LAWLER, Deceased, and HAMPTON H. HALSEY, as Special Guardian of MARY JANE CONNORS, MARGARET BRADY, ELIZABETH HAYDEN and RICHARD BRADY, Infants, Appellants; JOHN S. LAWLER, LULU HIBBS and JULIA R. SALMON, Contestants, Respondents.

Fourth Department, December 23, 1937.

*Joseph McSweeney,* for the proponents, appellants.

*Hampton H. Halsey,* special guardian, for the infant appellants.

*Oswald P. Backus,* for the respondents.

PER CURIAM. From an examination of this record, we are of the opinion that sufficient evidence was adduced by contestants to require the submission to the jury of the question of testator's mental capacity. (*Matter of Roberts,* 246 App. Div. 87.) We must, however, reverse the decree and grant a new trial because of the erroneous rejection of the testimony of a certain legatee as incompetent under the provisions of section 347 of the Civil Practice Act.

Proponents called as a witness a legatee under the will of testator who had duly released and discharged the estate of testator of and from the payment of any specific or residuary legacy or devise given to her by the will. This release made her testimony competent. (*Matter of Kindberg*, 207 N. Y. 221, 226; *Matter of Wilson*, 103 id. 374; *Loder* v. *Whelpley*, 111 id. 239, 245; *Matter of Klein*, 118 Misc. 423, and cases therein cited; *Matter of Milliette*, 123 id. 745, 747.) Although the effect of such a release is to swell the residuum of the estate and increase the amount to be distributed under the provisions of the will, the other residuary legatees would take nothing thereby in the right of the releasing legatee and would not, in a legal sense, succeed to the sum derived from, through or under any right of such legatee. The case of *O'Brien* v. *Weiler* (140 N. Y. 281, 285), relied upon by respondents, does not support respondents' contention that the witness was incompetent to testify; on the contrary, it supports appellants' contention. That case involved a civil action between the two executors of one estate and the administrator of another. The witness who was held incompetent to testify to personal transactions with the defendant's intestate was a party plaintiff in the action. It further appeared that, as the result of her release, her coplaintiff acquired her interest, in the subject-matter of the action, as her assignee rather than under any of the provisions of the will. Under such circumstances the court held the testimony incompetent. The court also pointed out the distinction between this *O'Brien* case and the *Wilson* and *Loder* cases, hereinabove cited, and approved the holdings in those cases.

All concur. Present — SEARS, P. J., EDGCOMB, CROSBY, LEWIS and TAYLOR, JJ.

Decree so far as appealed from and order reversed on the law and a new trial granted, with costs to the appellants to abide the event, payable out of the estate.