ELSIE BOOTH, Respondent, v. GEORGE MEYER and ANNA MEYER, Appellants. — From a judgment recovered by plaintiff in an action for personal injuries the defendants appeal. Judgment reversed on the law and the facts and a new trial granted, costs to abide the event. The premises where the accident happened do not constitute a " multiple dwelling," as defined in chapter 713 of the Laws of 1929, popularly known as the " Multiple Dwelling Law." Consequently it was error for the court to submit to the jury the question of defendants' liability on the theory of the duty to keep in repair under that law. The verdict, based upon

two theories, one of which should not have been submitted, may have been upon an erroneous theory. The error can only be corrected by a new trial. (*Phillipson v. Ninno*, 233 N. Y. 223; *Assalone* v. *Hazel*, 243 App. Div. 176.) Lazansky, P. J., Johnston and Adel, JJ., concur; Carswell and Close, JJ., dissent and vote to affirm, with the following memorandum: Upon this record, the premises where the accident happened come within the definition of a " multiple dwelling " as defined by subdivisions 3 and 21 of section 4 of the " Multiple Dwelling Law." (Laws of 1929, chap. 713, art. 1.) Consequently, the failure of the court to charge as a matter of law that it was not a multiple dwelling did not constitute error. Submitting the case to the jury upon two distinct theories, *i. e.*, gratuitous repairs by the landlord, and the duty of the landlord to keep in repair under the act, while improper, was harmless in so far as the appellants are concerned. Under either theory the jury had to find a dangerous condition. The appellants were not entitled to have the case submitted upon the first theory.