FRIEDA RASMUSSEN and WILLIAM RASMUSSEN, Respondents, v. FISHKIND BUILDING CORPORATION, Appellant.— In an action by a wife for damages for personal injuries and by her husband for expenses and loss of services, defendant appeals from a judgment in favor of plaintiffs, entered on a jury verdict. Judgment unanimously affirmed, with costs. Plaintiff Frieda Rasmussen, being the wife of the superintendent of defendant's building, in which she fell, was not a tenant of defendant, and was, therefore, not subject to the alleged restrictions on tenants in the use of the steps on which she fell. The evidence warranted a finding that the tenants disregarded the alleged restrictions with the constructive knowledge of defendant. The plaintiff wife was using the steps with the permission and at the invitation of defendant, which was under the duty to keep them reasonably safe for her use (*Heskell* v. *Auburn L., H. & P. Co.*, 209 N. Y. 86, 91; *Haefeli* v. *Woodrich Engineering Co.*, 255 id. 442, 448; Restatement, Torts, § 332), and the court properly charged the jury to that effect. The finding of negligence

on the part of defendant is amply supported by the evidence. Under the court's charge, which became the law of the case through defendant's failure to except to it (*Commercial Casualty Ins. Co.* v. *Roman*, 269 N. Y. 451, 457, 458; *Fitzpatrick* v. *International Ry. Co.*, 252 id. 127, 141; *Brady* v. *Nally*, 151 id. 258, 264–265), the question of plaintiff wife's contributory negligence was for the jury, and their finding in that respect is well supported by the evidence. Present — Lazansky, P. J., Hagarty, Johnston, Adel and Taylor, JJ.