LEO MERCIER, as Administrator, etc., of ROBERT MERCIER, Deceased, Appellant, *v.* BUSHWICK SAVINGS BANK, Respondent.

Second Department, January 13, 1941.

*Joseph Sachter*, for the appellant.

*Thomas A. Saulsbury*, for the respondent.

CLOSE, J.  The plaintiff appeals from a judgment dismissing the complaint in an action for damages for interim suffering and death of plaintiff's intestate.  The first cause of action is based upon the theory that the premises where the accident happened are multiple dwellings, as that term is defined in the Multiple Dwelling Law (Laws of 1929, chap. 713).  The second and third causes of action are based upon the theory that the place where the fatality occurred was used in common by two families and, therefore, was under the control of the landlord.

The premises involved consist of a combined business and residential building which is three stories in height.  The first floor is occupied by a garage and an adjoining store.  The upper stories are divided into four separate housekeeping units.  The entrance to two of these units is at the right as you face the front of the building.  A similar entrance on the left side serves the other two units.  Each of these units consists of five rooms and a bath, two on the second floor and two on the third.

The garage extended to a much greater depth than the rest of the building.  The roof of the garage was constructed of cement and was approximately on the same level as the floor of the apartments on the second floor.  Each of these second-floor apartments had a separate street entrance.  In one resided the janitor-tenant and his family.  In the other, another tenant resided.  From the bedroom of the apartment occupied by the janitor a doorway opened onto the roof.  The roof was about forty feet square and was surrounded by a parapet about two feet high.  Superimposed upon this parapet was a closely woven wire fence about five feet high.  In this roof three skylights had been installed for the purpose of lighting the garage.  The base of these skylights varied in height but the one involved here had a perpendicular base of about six inches.

From the second-floor apartment occupied by the tenant a window opened upon the roof.  The window sill was less than two feet above the level of the roof.

On the day of the accident the plaintiff's intestate, a child three and a half years of age, together with his brother, who was seven years of age, were taken by their mother to the apartment occupied by the janitor, upon an invitation to attend a party celebrating the birthday of the janitor's grandson.  While at the apartment the decedent, his brother and another child passed through the doorway onto the roof.  The deceased while playing on the roof backed into the skylight and fell through one of the sections to the floor of the garage, suffering injuries that resulted in his death within a few hours.  The defect in the skylight resulted from the

glass having been removed from one of the sections and the space covered with a piece of tin that had been cut to conform to the space but was not securely fastened. When the child's weight was placed upon this loose covering it gave way, precipitating him to the floor below.

We agree with the finding of the court below that the premises were not within the purview of the Multiple Dwelling Law. (*Booth v. Meyer*, 256 App. Div. 831.) It follows that the respondent was under no duty to keep the roof and these appendages thereon in a reasonably safe condition, unless the preponderance of the proof establishes that the roof was used in common by both the janitor's family and the family occupying the other apartment opening thereon. We are convinced that the evidence establishes most convincingly that the roof space was used by both families with the knowledge of the defendant. The doorway leading from the janitor's apartment was certainly an invitation to that family to use the roof. It was conceded that both the present and preceding janitor had pots containing flowers upon the roof and that they entered thereon to water and tend such flowers. Photographs offered in evidence show large cement pots for growing flowers, an ice box and other articles of furniture upon the roof. The defendant's representative testified that the janitor was instructed to keep the roof clean. If, as argued by the respondent, the only common use to which the roof was to be put was the right to hang clothes on lines attached to the windows of each of the second-floor apartments, the instruction to keep the roof clean was an unnecessary precaution for the reason that no amount of cleaning could keep the clothes from becoming soiled if they came in contact with the roof. There was further evidence from another representative of defendant, in charge of its real estate, that he had never told the tenants that no recreational use could be made of the roof.

A tenant in a neighboring building testified that he saw the children of both families using the roof as a playground and that this condition had existed for many months.

In addition, there was testimony from the wife of the janitor. While it is true that she was an aunt of the deceased, she was still in the employ of the defendant at the time that her testimony was taken. She testified that when the agent of the defendant employed her he told her that the roof was to be used in common by both tenants of the second-floor apartments.

From all this and other evidence offered, such as the situation as disclosed by the photographs, the care with which the entire perimeter of the roof was inclosed, the nature of the roof construction

and the probabilities involved, we are convinced that the roof was intended to be used by both families and was so used. In effect it served as a yard or court to be used in common. That the skylight had remained in a condition of disrepair for many months was also established. Under such circumstances it was the duty of the landlord to keep the roof and the skylights thereon in a reasonably safe condition. (*Bowers* v. *City Bank Farmers Trust Co.*, 282 N. Y. 442; *Rasmussen* v. *Fishkind Building Corp.*, 259 App. Div. 823; *Loucks* v. *Dolan*, 211 N. Y. 237.)

The judgment should be reversed on the law and the facts and a new trial granted, with costs to appellant to abide the event.

LAZANSKY, P. J., HAGARTY, CARSWELL and TAYLOR, JJ., concur.

Judgment reversed on the law and the facts and a new trial granted, with costs to appellant to abide the event.