In the Matter of Proving the Last Will and Testament of AGNES NORMINTON, Deceased. AGNES M. NORMINTON, Appellant; LILLIAN M. NORMINTON, as Executrix, etc., of AGNES NORMINTON, Deceased, JAMES A. NORMINTON and FLORENCE N. HOWARD, Respondents.— In a contested proceeding for the probate of a will, decree of the Surrogate's Court, Queens County, entered on a directed verdict, admitting the will to probate, reversed on the law and a new trial granted, with costs to abide the event. It was error to exclude the testimony of the witness Florence N. Howard as to conversations with the deceased, if such conversations occurred before the making of the will, or subsequent thereto at a time not too remote from its date. The witness having renounced all claims against the estate, was not a person interested in the event within section 347 of the Civil Practice Act, and her testimony as to conversations with the decedent was, therefore, competent. (*Matter of Wilson*, 103 N. Y. 374; *Loder* v. *Whelpley*, 111 id. 239; *Matter of Kindberg*, 207 id. 220; *Matter of Lawler*, 253 App. Div. 120.) Even if the conversations occurred after the will had been made, they would be admissible, if not too remote in point of time, to show the state of mind of the testatrix toward those about her and her ability to resist influence. (*Matter of Putnam*, 257 N. Y. 140.) Lazansky, P. J., Carswell, Adel, Taylor and Close, JJ., concur.

LEO MERCIER, as Administrator, etc., of ROBERT MERCIER, Deceased, Respondent, v. BUSHWICK SAVINGS BANK, Appellant.— Action brought to recover damages for personal injuries sustained by plaintiff's intestate and for the pecuniary losses of the next of kin of the intestate by reason of his resulting death. The issues were tried before the court without a jury. Judgment was thereafter duly entered in favor of the plaintiff against the defendant upon a decision awarding plaintiff $5,000 for damages thus resulting from the intestate's death and $500 for the intestate's conscious pain and suffering from the time of his injuries to the time of his death. From that judgment defendant appeals. Judgment unanimously affirmed, with costs. No opinion. (See *Mercier* v. *Bushwick Savings Bank*, 261 App. Div. 151.) Present — Lazansky, P. J., Carswell, Adel, Taylor and Close, JJ.