ELINOR KNAPP, Respondent, v. FULTON COUNTY NATIONAL BANK AND TRUST COMPANY OF GLOVERSVILLE, as Trustee under the Will of HARRY M. BROWER, Deceased, Appellant. ALBERT KNAPP, Respondent, v. FULTON COUNTY NATIONAL BANK AND TRUST COMPANY OF GLOVERSVILLE, as Trustee under the Will of HARRY M. BROWER, Deceased, Appellant.— This is an appeal from verdicts in favor of plaintiffs-respondents against defendant-appellant in a personal injury action brought by the plaintiff, Elinor, the action of plaintiff Albert being a derivative action for special damages and loss of services. Defendant also appeals from an order of the court denying motions to set aside aside the verdict and a new trial. The case was tried at a term of Supreme Court, Fulton County before the court and a jury. The accident occurred on the evening of October 12, 1955, at about 7:45 P.M., it being dark at the time, when the plaintiff, Elinor, fell into an airshaft located on the roof of the building of the defendant. The plaintiffs were tenants in the building and claimed the use of the roof of the building as part of their tenancy with the knowledge, permission and consent of the defendant. Plaintiff claimed as she was on the roof and walking toward the door, she tripped, losing her balance; that there was something hard which sort of moved forward and plaintiff fell forward. It was conceded that there was no railing or other protective device around the airshaft. As a result of the said accident she received serious personal injuries, which were not disputed, and the plaintiff, Albert, sustained substantial special damages. The defendant acknowledged that the plaintiffs were tenants but denied they had the right to use the roof except for hanging clothes on the clothesline located thereon. The proof showed that prior to the day of the accident some substantial repairs had been made to a bathroom in one of the apartments and that the debris, consisting of wood, plaster and pipes had been brought to the roof. Defendant contended that all of the debris except the pipe had been removed prior to the day in question. From the testimony, the jury had the right to infer that the pipe or other debris was the object which cause plaintiff to trip. With reference to the use of the roof, there was testimony from the witnesses of plaintiffs and defendant that it was used by the tenants for hanging clothes, taking sun baths, sleeping on hot nights, watching parades and recreational purposes. There was testimony that the employees of the defendant had knowledge that the roof was used by the said tenants. The court submitted to the jury the question of fact whether from the testimony the plaintiff was an invitee or a bare licensee and properly charged on both legal theories. (*Bowers* v. *City Bank Farmers Trust Co.*, 282 N Y. 442; *Mercier* v. *Bushwick Sav. Bank*, 261 App. Div. 151.) The court

properly instructed the jury on the question of the negligence, if any, of the defendant based upon the above theories of law, the credibility of the witnesses and other essentials, including inference rule. With reference to the question of contributory negligence of the plaintiff, she was familiar with the roof and the surrounding conditions thereon such as the airshaft, pipe drains and other obstructions. She was likewise familiar with the fact that there was no railing or any protection around the said airshaft. She had been on the roof many times at night when it was dark. There is no dispute that pipe which had been taken from the bathroom was on the roof on the night in question or where it was located, there being several different pieces of varying length. There was also testimony, which was seriously disputed, that on the night in question there was still some debris in the form of loose laths and plaster which had been left by the truckmen when the major part of the debris was taken away. From a review of the testimony of all the witnesses, the court was justified in submitting the question of contributory negligence to the jury as a question of fact and we cannot say that the matter is one of law. (*Shannon* v. *Broadway & 41st St. Corp.*, 298 N. Y. 589–590.) This case is distinguishable from *Hudson* v. *Church of Holy Trinity* (250 N. Y. 513) relied upon by the defendant-appellant as in that case there was not a relationship of landlord and tenant, the plaintiff was not familiar with the premises and there was no evidence that the defendant or its employees or agents invited the plaintiff to walk into the darkness which caused her fall and injury. The defendant raises a further question concerning testimony that the defendant was insured. What happened follows: " Mr. Aulisi: Q. Well, all right. But whoever paid you, those photographs were taken at the request of the firm of McGinnis, Lyons & Lewis, isn't that right? Mr. Smith: Well, now, we object to that unless he knows. You're telling him something. Q. Well— The Court: Now wait a minute. Let's find out, let's not discuss it, gentlemen. Do you know who requested you to take that particular Defendant's Exhibit A? A. I thought it was the insurance company." Following the answer of the witness, the attorney for the defendant moved for the withdrawal of a juror and mistrial, which was denied by the court. However, the jury was instructed to disregard the testimony, it having been made in response to an inquiry by the court. It is apparent that it was not the intention of the court to elicit such an answer to the question and under the circumstances we feel that it is immaterial and in no way prejudicial to the rights of the defendant. (*Rowland* v. *Parks*, 1 A D 2d 925, revd. on other grounds 2 N Y 2d 64.) The amount of each verdict is not disputed by defendant which tends to substantiate that the jury was not biased or prejudiced. Judgments and orders appealed from unanimously affirmed, with costs. Present — Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ.