■ Louis Abrash, Appellant, v. Long Island University, Respondent.— In an action to recover damages for personal injury allegedly sustained by plaintiff in a fall down an unlighted exit stairway of defendant's premises, plaintiff appeals from a judgment of the Supreme Court, Nassau County, entered March 18, 1964 after a jury trial, upon the court's dismissal of the complaint at the close of the plaintiff's case. Judgment reversed on the law and a new trial granted, with costs to plaintiff to abide the event. No questions of fact have been considered. The sole issue presented on this appeal is whether the defendant was required by statute or ordinance to maintain lighting for the stairway in question. If it was, it may be held liable for plaintiff's injuries notwithstanding that it had no notice that the light on the stairway was out (*Smulczeski* v. *City Center of Music & Drama*, 3 N Y 2d 498). In our opinion, defendant was required to provide such light. Article 7 of the New York City Administrative Code, and particularly section C26–280.0 which requires lighting of means of egress, does not apply per se to the building in question which was erected in 1929 (Administrative Code, § C26–272.0). However, since the building was used for instruction and was concededly not occupied by defendant for such purpose until after January 1, 1938, it must be maintained in compliance

with article 13 of the Administrative Code (§ C26–715.0). Although defendant used the premises as a strictly educational institution, the structure was not exempt from the provisions of said article 13, since defendant's occupancy was not exclusive; at the time of the accident the building was also occupied by the Brooklyn Paramount Theatre. Pursuant to sections C26–719.0 and C26–743.0 of said article 13, defendant was required to provide artificial light for the stairs upon which plaintiff fell. Moreover, even if lighting upon the stairway in question were not required by the provisions of the Administrative Code, such lighting in any event would be required by section 159 of the New York City Code of Ordinances (predecessor to the Administrative Code) which is still applicable to buildings erected prior to 1938 (Administrative Code, §§ 982–1.0, 982–6.0; see dissenting opinion per BRIETEL, J., *Courtney* v. *Abro Hardware Corp.*, 286 App. Div. 261, 265, affd. 1 N Y 2d 717). Ughetta, Brennan, Hill and Hopkins, JJ., concur; Beldock, P. J., concurs with the following memorandum: My concurrence is based solely on the ground that lighting on the stairway was required by section 159 of the former New York City Code of Ordinances. In my opinion, article 13 of the New York City Administrative Code was not applicable to this building because, insofar as the defendant was concerned, the building was being used only for educational purposes. At the time of the accident in September, 1958, the theatre part of the building had no connection with the rest of the building. The university part was physically separate, as though it were located in a building apart from the theatre.