(July 30, 1992)

■ MICHAEL W. LESOCOVICH et al., Respondents, v 180 MADI-

SON AVENUE CORPORATION, Appellant.—Mercure, J. Appeal from an order of the Supreme Court (Prior, Jr., J.), entered August 23, 1991 in Albany County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff Michael W. Lesocovich (hereinafter plaintiff) brought this action against the owner of premises located at 180 Madison Avenue in the City of Albany to recover for serious injuries which he sustained in a fall from a roof. The subject property consisted of a three-story building improved with a commercial enterprise on the ground floor and one apartment on each of the remaining floors. The second-floor apartment was leased by Beth Van Demark and Debbie Richardson. On the day of plaintiff's accident, Van Demark hosted a small gathering on the roof of a one-story portion of the building, which was accessed by climbing through a window in her bedroom. The gravamen of the complaint is that the accident was caused by defendant's failure to have installed a parapet or railing to prevent a person on the roof from inadvertently falling off its edge. Plaintiff alleged that this failure constituted both statutory and regulatory violations as well as common-law negligence. Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint upon the ground, *inter alia,* that it breached no common-law, statutory or regulatory duty of care to plaintiff. Supreme Court denied the motion, finding that triable issues of fact were presented, and this appeal by defendant ensued.

We reverse. Defendant supported its motion with a compelling factual showing that the roof from which plaintiff fell was not part of the premises demised to defendant's tenants or used by them as a common area with defendant's express or implied permission, and that neither plaintiff's presence on the roof nor his failure to perceive and avoid the obvious hazard was reasonably foreseeable *(see, Scurti v City of New York,* 40 NY2d 433, 442; *Goslin v La Mora,* 137 AD2d 941, 942; *Kelly v McGreevy,* 182 App Div 584; *cf., Knapp v Fulton County Natl. Bank & Trust Co.,* 6 AD2d 742, *lv denied* 5 NY2d 705). In view of plaintiff's failure to satisfy his resulting burden of coming forward with admissible evidence raising a material question of fact *(see, Zuckerman v City of New York,* 49 NY2d 557, 562), Supreme Court should have granted defendant's motion and dismissed the complaint.

Clearly, the roof area was not open to tenants of the building at 180 Madison Avenue. To the contrary, the uncontradicted evidence submitted on the motion was that entry to the roof could be gained only by climbing up on a bed, chair

or other object in Van Demark's bedroom and then crawling out a fairly high, small window. Notably, a doorway which had once led to an enclosed porch on the roof had been sealed off. Van Demark candidly acknowledged that the roof was not part of her leased premises and that neither she nor Richardson had sought or received permission to use the roof. Further, there is no evidence in the record to support a finding that defendant was aware of any tenant's use of the roof area. Van Demark testified that she had used the roof on only four or five prior occasions to sunbathe or cook out, that there had been no prior "gatherings" or parties on the roof, and that neither she nor her cotenant had advised defendant, its principals or agents of their actual or intended use of the area. In view of the foregoing, evidence of the existence of cinder blocks on the roof or that a screen was absent from the bedroom window does not raise a *legitimate* factual issue. Rather, this evidence is probative of nothing and creates, at best, the specter of an issue *(see, Capelin Assocs. v Globe Mfg. Corp.,* 34 NY2d 338).

Similarly, the roof did not constitute a "[w]alking surface[ ] to which persons have access" (9 NYCRR 762.1 [f]), thereby defeating the claim of violation of the State Uniform Fire Prevention and Building Code (9 NYCRR part 600 *et seq.)* (hereinafter the Code). Moreover, defendant supported its motion with an evidentiary showing that the subject building predated promulgation of 9 NYCRR subchapter B and, thus, was not subject to its terms *(see,* 9 NYCRR 651.2). Plaintiff failed to satisfy his resulting burden of raising a factual issue as to whether any "conversions, additions [or] alterations" (9 NYCRR 651.2) brought the building within the coverage of the Code, including whether work performed in 1980 and 1981 constituted "alterations, additions or repairs made within [a] six-month period [the cost of which] exceed[s] 50 percent of the cost of replacement of the building at the beginning of that six-month period" (9 NYCRR 1231.3 [b]). Significantly, no evidence was submitted as to the replacement cost of the building and no competent evidence was submitted concerning the cost of alterations and repairs to the building at 180 Madison Avenue.

We disagree with the position of the dissent that defendant had the initial burden of presenting evidence that there had been no conversion, addition or alteration such as to bring this grandfathered structure within the coverage of the Code *(see,* 9 NYCRR 651.2, 1231.1, 1231.3). To the contrary, the proponent of a summary judgment motion has a burden only

as to "material" issues of fact *(see, Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853). Here, no competent factual allegations of the complaint or bill of particulars support the present claims that the Code applied to defendant's building and that defendant violated certain of its provisions *(see, Conti v Albany Med. Ctr. Hosp.,* 159 AD2d 772, 774, n, *lv denied* 76 NY2d 702). It is our view that the listing in a bill of particulars of statutory and regulatory provisions which a defendant is claimed to have violated does not of itself raise a material issue of fact as to violation of the enumerated provisions or any of them.

Plaintiff's remaining contentions have been considered and found meritless.

Weiss, P. J., and Casey, J., concur.

Levine, J. (dissenting). We respectfully dissent. In our view, the deposition testimony of Beth Van Demark and of Frank Commisso, a principal stockholder in defendant, sufficiently raised triable issues of fact to preclude summary judgment against plaintiff Michael W. Lesocovich (hereinafter plaintiff). Van Demark was a 23-year-old, unmarried nursery school teacher at the time of the accident. She and another young, single, employed adult woman had leased the second floor apartment in defendant's building. The entire building consisted of a one-story wing and a three-story wing. The first floor of both wings was occupied as a bar. The second and third floors of the multistoried wing were occupied as apartments. Van Demark's second floor apartment adjoined the roof of the one-story portion of defendant's premises. The roof was readily accessible through a bedroom window in the apartment. When Van Demark took possession, the screen for that bedroom window was off the window and lying on the roof. There were several cinder blocks on the roof which had no apparent purpose other than as sitting stools. Van Demark had never been advised by the landlord that the roof was off limits and, in fact, she used it a number of times for sunbathing and cooking out on a charcoal grill. She had also used the enclosed porch on the roof. Van Demark had observed the landlord's agents making repairs to the roof, and repairs were made by the landlord from time to time to remedy leaks in the bar under the roof. Although, as the majority notes, a previous entrance to the enclosed porch from the Van Demark apartment had been sealed off before her occupancy, the doorway had been sheetrocked over so as to conceal its prior existence. Moreover, there was an entryway to the enclosed porch from the roof which was *not* boarded up. There

was also proof that substantial work was done on the roof during the renovations defendant made to the building after acquiring it in 1976.

We think the foregoing facts present a jury question as to defendant's liability for both common-law negligence, under a *Basso v Miller* (40 NY2d 233) analysis, and negligence based upon a violation of the State Uniform Fire Prevention and Building Code (hereinafter the Code). Clearly, the roof area was under defendant's control, as evidenced by the repairs defendant made to it during the term of Van Demark's lease, and therefore defendant was responsible for exercising due care for the safety of persons who might foreseeably go on the roof *(see, Noble v Marx,* 298 NY 106, 109-110; *see also, Ritto v Goldberg,* 27 NY2d 887, 889). In view of the potentially disastrous result of a fall from the roof and the minimally burdensome cost of providing safeguards, such as the installation of a railing, a relatively low level of foreseeability should be enough to permit the case to go to a jury *(see, Quinlan v Cecchini,* 41 NY2d 686, 689-690; *Fiederlein v Hochberg Bros.,* 83 AD2d 472, 478-479). One hardly needs clairvoyance to anticipate that young adult tenants in an urban setting would use an easily accessible flat roof surface adjoining their apartment for sunbathing, cookouts and socializing with friends in good weather. Moreover, in view of the presence of the enclosed porch, the only entrance to which was from the roof, together with the other circumstances previously described, we think it was entirely reasonable for Van Demark to have believed that she had a license to use the roof for such purposes. The presence of defendant's tenant and her guests on the roof was at least as foreseeable as that of the plaintiff telephone company employee in *Fiederlein v Hochberg Bros. (supra),* who was injured on a remote area of the defendant's roof, likewise accessible only through a window in a second floor apartment *(see also, Starkey v Trancamp Contr. Corp.,* 152 AD2d 358, 363).

We also find a triable issue of fact regarding defendant's negligence in failing to comply with a provision of the Code requiring elevated walking surfaces to which persons have access to "be protected by parapet walls or guardrails at least three feet in height" (9 NYCRR 762.1 [f]). Although the original construction of the accident premises predates the Code, the Code is expressly made applicable to subsequent "additions and alterations to buildings where set forth in Subchapter E of this code" (9 NYCRR 651.2). In turn, provisions in subchapter E of the Code make its mandates applica-

ble (1) "to an entire existing building, as if hereafter erected, when the cost of any alterations * * * made within any six-month period exceed 50 percent of the cost of replacement of the building" (9 NYCRR 1231.3 [b]), and (2) to the entire roof covering on a building "[w]henever more than 25 percent of the roof covering of a building is replaced in any six-month period" (9 NYCRR 1231.4). There was evidentiary proof that defendant had bought the property in 1976 for $30,000 and borrowed $80,000 in 1980 to make extensive repairs and alterations. In view of defendant's superior access to information on the building's replacement cost, we would find the foregoing proof sufficient to create triable issues as to whether defendant's alterations and repairs to the premises in 1980 and 1981 make the foregoing sections applicable to establish a violation of 9 NYCRR 762.1 (f) in the failure to install parapet walls or guardrails on the roof of the premises when the renovations were effected. Such a violation of the Code would be evidence of negligence *(see, Major v Waverly & Ogden,* 7 NY2d 332, 336), giving rise to the possible imposition of liability on the basis of constructive notice *(see, Guzman v Haven Plaza Hous. Dev. Fund Co.,* 69 NY2d 559, 565-566; *Abrash v Long Is. Univ.,* 22 AD2d 940).

Furthermore, even if the majority is correct in holding that the proof submitted by plaintiff was insufficient to show that the cost of alterations of the property in 1980 and 1981 was more than 50% of replacement cost, summary judgment was still unwarranted. Plaintiff pleaded a violation of 9 NYCRR 762.1 (f) in his bill of particulars. Therefore, the burden was on defendant, as the proponent of the motion for summary judgment, to make out a prima facie defense by submitting proof in admissible form eliminating any material issue of fact as to the applicability of that section *(see, Zuckerman v City of New York,* 49 NY2d 557, 562). Defendant's moving and reply affidavits contain no evidentiary proof whatsoever pertinent to any application of 9 NYCRR 762.1 (f), let alone the applicability of that section on the basis of postacquisition alterations. Indeed, defendant's submissions on its motion do not even contain any assertion that 9 NYCRR 762.1 (f) did not apply, except for a vague and erroneous statement in its reply affidavit to the effect that any claimed violation of the Code "is outside the record and the pleadings and has no application to this case". This hardly put plaintiff on notice that the burden shifted to him to submit full-blown proof of facts establishing that section 762.1 (f) of the Code applied because

of subsequent alterations. We think it is manifestly unfair for the majority to impose that burden retrospectively on this appeal. Thus, defendant's motion for summary judgment should have been denied, regardless of any insufficiency in plaintiff's opposing papers *(see, Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853).

Based upon the foregoing, we would affirm Supreme Court's order denying defendant's motion for summary judgment in all respects.

Mahoney, J., concurs. Ordered that the order is reversed, on the law, without costs, motion granted, summary judgment awarded to defendant and complaint dismissed.